## George O. Danforth *vs.* Etta M. Danforth.

### Kennebec.    Opinion June 5, 1895.

*Divorce.    Desertion.    Condonation.    R. S., c. 60, § 2.*

"Utter desertion continued for three consecutive years" is one of the causes for which a divorce may be granted.  R. S., c. 60, § 2.

If a wife deserts her husband and remains away from him for the full period of three consecutive years, and during all that time, continuously and unreasonably refuses to return, his right to a divorce is complete, and cannot be defeated by proof that on one occasion, within the three years he visited his wife, and, for two or three nights, occupied the same bed with her.

On report.

This was a libel for divorce filed in the Superior Court, for Kennebec county.

The allegation relied on as a cause for divorce was utter desertion without reasonable cause for three consecutive years next prior to the filing of the libel.

The evidence was taken out before the presiding judge, and his report of the facts, as found by him, was submitted by the parties to the Law Court for it to determine whether or not they show legal cause for divorce.

The facts as found are as follows : Libel dated May 29, 1893. The libelee deserted the libelant, April 20, 1890, without reasonable cause and has continued such desertion ever since unless it was interrupted by the fact stated below.   The libelant lived on a farm owned by him in Albion in Kennebec county.   His wife refused to live with him there although often requested, but lived in Lewiston, where she has lived ever since her desertion of the libelant.

In September, 1891, and within three years before the date of the libel, the libelant went to the house occupied by his wife in Lewiston and there lodged with her, occupying the same bed as husband and wife two or three nights, she still refusing, however, to return to his house and live with him as his wife, and has all the time since refused to do so, without legal justification.

*W. T. Haines,* for Libelant.

*W. H. Newell, and W. H. Judkins,* for Libelee.

SITTING: PETERS, C. J., WALTON, EMERY, FOSTER, WHITE-
HOUSE, STROUT, JJ.

WALTON, J. The question is this: If a wife deserts her hus-
band, and remains away from him for three consecutive years,
and, during all that time, continuously and unreasonably refuses
to return, will the fact that, within the three years, her husband
once visited her and occupied the same bed with her for two or
three nights, necessarily interrupt the desertion and bar his right
to a divorce for that cause?

We think not. Desertion, such as will be a valid cause for a
divorce, is not easily defined. *Stewart* v. *Stewart*, 78 Maine,
548, and cases there cited. And it may be equally difficult to
define what will constitute an interruption or condonation of
desertion. The authorities are conflicting and confusing.

In *Kennedy* v. *Kennedy*, 87 Ill. 250, where a wife, without
justification, refused to go to a new home which her husband
had prepared for her, and remained away for the statutory
length of time necessary to create a valid ground for divorce,
the court held that the fact that, on one occasion, he cohabited
with her at her brother's house, did not interrupt the desertion
or bar his right to a divorce.

And we have reached the same conclusion. "Utter desertion
continued for three consecutive years," is one of the causes for
which a divorce may be granted. R. S., c. 60, § 2. And we
think that if a wife deserts her husband and remains away from
him for the full period of three consecutive years, and, during
all that time, continuously and unreasonably refuses to return,
his right to a divorce is complete, and can not be defeated by
proof that on one occasion, within the three years, he visited
his wife, and, for two or three nights, occupied the same bed
with her.

Such a visit is not illegal or improper. On the contrary, it
has often been held to be the duty of the husband to visit his
absent wife, and to endeavor by all proper means to effect a
reconciliation. If he succeeds, and his wife returns to her home
and to her duties as his wife, undoubtedly her prior desertion

will be interrupted, or regarded as condoned, and can not be added to a subsequent desertion for the purpose of completing the three years necessary to entitle her husband to a divorce. But if, in spite of his efforts, his wife persistently and unreasonably refuses to return, and continuously remains away from him for three consecutive years, we think her husband's right to a divorce is complete,—that the mere fact that on one occasion he visited her, and for two or three nights occupied the same bed with her, does not interrupt the continuity of her desertion.

*Case remanded for further hearing*
*in the court below.*