## JANE W. HOLT *vs.* JOHN HOLT.

Plymouth.   November 8, 1909. — January 5, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Marriage and Divorce.   Agency.   Evidence,* Relevancy.

At the trial of a libel for divorce brought by a wife on the grounds of adultery
and cruel and abusive treatment, evidence that a woman, alleged to be the one
with whom the libellee committed the adultery, assaulted the libellant, who
was old and feeble, in the presence of the libellee, is not admissible to show
cruel or abusive treatment on his part, unless he encouraged or participated
in the assault or acquiesced in and adopted it.

LIBEL for divorce, filed on January 9, 1908, by Jane W. Holt
against her husband, John Holt, upon the grounds of cruel and
abusive treatment and adultery with one Emma Whitehouse.

At the trial in the Superior Court before *Lawton,* J., it ap-
peared that the libellant was in her seventy-ninth year, in ill
health and feeble, and that the libellee was four years younger
than his wife.

As bearing upon the cruelty of the husband, the libellant
was asked the following question: " Q. Whether or not Emma
[meaning Mrs. Whitehouse] ever struck you in the presence of
your husband?   A. She struck me on my lame shoulder twice;
took her heavy right hand and tried to push me on the floor;
and if I hadn't been so near the table, I would have been down
on my face."   The judge excluded the question and answer,
and the libellant excepted.

The judge found for the libellee, and dismissed the libel.
The libellant alleged exceptions.

*L. G. Blair,* for the libellant.

*H. H. Folsom,* for the libellee.

SHELDON, J.   The evidence in this case tended strongly to
show the commission of the adultery charged in the libel; but
in view of the advanced age of the libellee and of the burden of
proof which rested upon the libellant the judge was not bound
so to find.   Indeed the libellant's counsel very properly has
made no such contention.   The only contention now made is
that the judge erred in excluding testimony of an assault com-

mitted upon the libellant in the presence of her husband, by the woman who was alleged to be the paramour of the libellee.

It is contended that this testimony was competent as tending to show cruel and abusive treatment of the libellant by her husband. Undoubtedly, if the assault were in any degree participated in or encouraged or even afterwards approved by the husband, it would have been material evidence of cruelty on his part; in view of the duty of protection owed to a wife by her husband, it would perhaps have been as strong evidence against him as if he had himself committed the assault. But he cannot be held answerable for the act of a third person, even of one with whom his relations were as close and intimate as was alleged to be the case here, unless he is shown to have made the act his own, either by procurement or previous assent or by acquiescence or subsequent approval and adoption. Otherwise, it is not competent to be shown in evidence against him. There was here no express evidence of subsequent approval or adoption of this assault. Although on all the evidence a finding might have been warranted that it was procured or incited, or at least acquiesced in by the libellee, yet the judge was not bound so to find; it must now be presumed that he did not find either one of these essential facts; and in that event the evidence was properly excluded.

*Exceptions overruled.*