WOMBLE v. WOMBLE.

(Court of Civil Appeals of Texas. Austin. Dec. 4, 1912.)

1. DIVORCE (§ 37*)—DESERTION—OFFER OF RESUMPTION OF MARITAL RELATIONS — EFFECT OF REFUSAL.

Where a husband repents his wrongful desertion, and returns, intending to resume marital relations, the wife's failure to do so puts her in the wrong, and makes her the deserting party.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 107–132; Dec. Dig. § 37.*]

2. DIVORCE (§ 37*)—"DESERTION"—RESUMPTION OF MARITAL RELATIONS—FRAUD.

Where a husband deserted his wife, and, without intending to resume the marital relation, induced her to cohabit with him, under the belief that the marital union had been restored, and again deserted her, the period of desertion was not interrupted, and the wife was entitled to a divorce for desertion continuing for three years from the beginning of the first abandonment.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 107–132; Dec. Dig. § 37.*

For other definitions, see Words and Phrases, vol. 3, pp. 2020–2024; vol. 8, p. 7635.]

Appeal from District Court, Kaufman County; F. L. Hawkens, Judge.

Action by Lula Womble against John W. Womble. From a judgment for defendant, plaintiff appeals. Reversed and rendered.

Lee R. Stroud, of Kaufman, for appellant.

JENKINS, J. This is a suit for divorce, brought by the appellant against appellee on the ground of three years' abandonment. The case was tried before the court without a jury, and the court filed the following findings of fact:

"Defendant wrongfully deserted plaintiff, and remained away from her something over four years, under such circumstances as would have allowed her a divorce on the grounds of three years' abandonment, and the court would have granted the divorce to her, but for this additional fact, which alone caused the court to refuse it, viz., at about the end of the first two years, defendant, who was a transient, came through Kaufman county, Tex., from Louisiana, and stopped at the house of J. O. Thompson, where the plaintiff was then living, and they enjoyed each other's company for two days and nights, during which time the plaintiff willingly allowed him any marital privileges he desired, and permitted him to occupy the private room for both nights, and to occupy the same bed with her, and he did, under such permission, so occupy the private bed and room with her. After these two nights, the defendant immediately left her, as had been his intention to do, and went away and has not since been seen by her, since which departure last named three years have not elapsed at the time of filing this suit, and will not have expired till October, 1911.

"Conclusions of Law: The court concludes that where the deserting defendant (as in this case) is permitted to return and allowed all the privileges due to a husband for two days and nights, and where he exercises these privileges willingly on her part, that she condones the past desertion, and that it requires the complete three years' period of desertion thereafter, before her right to obtain a divorce accrues."

[1, 2] The only issue presented for our consideration is as to the correctness of the trial court's conclusion of law upon the facts found as above set out. We do not assent to this conclusion of law. It is true that the three years' period of separation must be continuous, and, if in this case the marital union had been restored at any time within the three years' period, subsequent desertion must have continued for three years, in order to furnish grounds for a divorce; but we do not think that the facts above found amount to a restoration of the marital union. The status of the parties must depend, in many cases, upon their intentions as well as upon their acts. In this case no doubt it was the intention of the wife that the marital union should be restored; and at the time she believed such to be the intention of the husband, but the court finds that such was not the intention of the husband. Should the act of the wife, who is thus deceived, in receiving the husband to her embraces, forfeit her right to divorce? We think not. It was her duty to receive him at any time when he in good faith repented of his wrongful act in abandoning her, and returned with the intention of resuming the marital relations, and her failure to do so under such circumstances would put her in the wrong and constitute her the deserting party. Hannig v. Hannig, 24 S. W. 695; McGowen v. McGowen, 52 Tex. 667.

In Danforth v. Danforth, 88 Me. 120, 33 Atl. 781, 31 L. R. A. 608, 51 Am. St. Rep. 380, the court said: "The question is this: If the wife deserts her husband, and remains

away from him for three consecutive years, and during all that time continuously and unreasonably refuses to return, will the fact that within the three years her husband once visited her and occupied the same bed with her for two or three nights necessarily interrupt the desertion, and bar his right to a divorce for that cause? We think not. Desertion, such as will be a valid cause for divorce, is not easily defined. Stewart v. Stewart, 78 Me. 548, 7 Atl. 473, 57 Am. Rep. 822, and cases there cited. And it may be equally difficult to define what will constitute an interruption or condonation of desertion. The authorities are conflicting and confusing. In Kennedy v. Kennedy, 87 Ill. 250, where a wife, without justification, refused to go to a new home which her husband had prepared for her, and remained away for the statutory length of time necessary to create a valid ground for divorce, the court held that the fact that on one occasion he cohabited with her at her brother's house did not interrupt the desertion or bar his right to a divorce; and we have reached the same conclusion. 'Utter desertion, continued for three consecutive years, is one of the cases for which a divorce may be granted.' Rev. Stat. 1883, c. 60, § 2. And we think that if a wife deserts her husband and remains away from him for the full period of three consecutive years, and during all that time continuously and unreasonably refuses to return, his right to a divorce is complete, and cannot be defeated by proof that on one occasion, within the three years, he visited his wife, and for two or three nights occupied the same bed with her. Such a visit is not illegal or improper. On the contrary, it has often been held to be the duty of the husband to visit his absent wife, and to endeavor, by all proper means, to effect a reconciliation. If he succeeds, and his wife returns to her home and to her duties as his wife, undoubtedly her prior desertion will be interrupted or regarded as condoned, and cannot be added to a subsequent desertion for the purpose of completing the three years necessary to entitle her husband to a divorce. But if, in spite of his efforts, his wife persistently and unreasonably refuses to return, and continuously remains away from him for three consecutive years, we think her husband's right to a divorce is complete; that the mere fact that on one occasion he visited her, and for two or three nights occupied the same bed with her, does not interrupt the continuity of her desertion."

We think the reasoning of the court in the case above cited is sound. In order to interrupt the period of desertion, the marital union must be restored; and mere cohabitation, without any intention of living together as man and wife, does not of itself restore the marital relation. The instant case is stronger than any of the cases above cited. Here the wife was deceived, and by the fraud of the husband was induced to receive him into her embraces, under the belief that the marital union had been restored. This fraudulent act of the husband, instead of being a bar to plaintiff's cause of action, only added insult to injury.

The judgment of the trial court is reversed, and judgment is here rendered for the appellant.

Reversed and rendered.