**McLEMORE v. McLEMORE.   (No. 1890.)**

(Court of Civil Appeals of Texas.   El Paso.
June 3, 1926.)

**1. Divorce ⟨key⟩49(1).**

Condonation must be voluntary act of injured party, and doctrine is not so strictly applied against wife as husband, because she often submits through necessity or fear.

**2. Divorce ⟨key⟩135—Evidence held not to warrant setting aside of trial court's implied finding that there was no condonation on part of wife.**

Evidence that wife seeking divorce, subsequent to separating from husband because of his excesses and cruel treatment, spent 24 hours with him in their former home, sleeping in same bed during the night, held not to warrant appellate court in setting aside trial court's implied finding in favor of wife, to whom he granted divorce, that there was no condonation.

**3. Divorce ⟨key⟩301—Provision of divorce decree granting wife custody of minor child and enjoining husband from going about the child held unwarranted by. evidence.**

Divorce decree granting wife care and custody of minor child and enjoining husband from going about his child will be reversed, where there is no evidence showing that father is not entitled to see and have companionship of child under reasonable restrictions.

**4. Divorce ⟨key⟩312—In divorce suit, issue of custody of child being severable from issue of divorce and settlement of property rights, Court of Civil Appeals may reverse judgment as to custody and affirm as to remainder (Court of Civil Appeals rule 62a).**

Issue, in divorce suit, with respect to custody of child, being collateral to and severable from main issues of divorce and settlement of property rights, Court of Civil Appeals may,. under rule 62a, reverse portion of judgment relating to child's custody and affirm remainder.

Appeal from District Court, Comanche County; Jos. H. Eidson, Judge.

Suit for divorce, division of property, and custody of child by Thelma McLemore against C. J. McLemore. From a judgment for plaintiff, defendant appeals. Affirmed in part, and in part reversed, and remanded for retrial.

Funderburk & Richardson, of Eastland, for appellant.

Callaway & Callaway and G. E. Smith, all of Comanche, for appellee.

HIGGINS, J. This is a suit brought by appellee, Mrs. Thelma McLemore, against C. J. McLemore, appellant, for divorce, division of property, and for the custody of their minor child. The grounds of action for the divorce alleged were excesses and cruelties which rendered the living together of the plaintiff and defendant insupportable. The defendant, among other things, answered by a plea of condonation.

A recitation in the judgment and also in the motion of plaintiff for judgment indicates that by agreement of the parties the issues of fact with reference to the matter of divorce as distinguished from that of the custody of the child were submitted to the jury, and the issues involved in the question of the custody of the child were submitted to the court for decision. The court rendered judgment for the plaintiff for divorce, upon the findings of the jury upon special issues submitted to them, and also adjudged in favor of plaintiff and against the defendant the custody of the child and further ordered:

"And the defendant, C. J. McLemore, is enjoined and restrained from going about the plaintiff or said minor child."

The findings of the jury upon the special issues were that defendant was guilty of excesses, cruel treatment, or outrages toward the plaintiff, and they were of such nature as to render their living together insupportable. These were the only issues submitted.

It is assigned as error that the judgment is contrary to the undisputed evidence showing that the alleged misconduct of the defendant had been condoned by the plaintiff.

[1, 2] We shall not undertake to detail all of the evidence relating to this question, as it will serve no useful purpose. It is sufficient to say that subsequent to the separation the plaintiff and defendant met in Fort Worth and spent 24 hours together, staying in their former home, sleeping in the same bed during the night. The plaintiff subsequently wrote the defendant some letters containing endearing terms. Condonation must be the voluntary act of the injured party and the doctrine is not so strictly applied against the wife as the husband because she often submits through necessity or fear. 19 C. J. 84; 9 R. C. L. 380, 382; Mahurin v. Mahurin (Tex. Civ. App.) 208 S. W. 559; Knight v. Knight (Tex. Civ. App.) 220 S. W. 609; Womble v. Womble (Tex. Civ. App.) 152 S. W. 473; Webber v. Webber, 195 Mo. App. 126, 189 S. W. 577; Duberstein v. Duberstein, 171 Ill. 133, 49 N. E. 316.

According to the testimony of Mrs. McLemore, she was prompted to the acts of condonation by fear of her husband and supposed necessity, under the circumstances, and it must be assumed the trial court found in accordance with her testimony. Her explanation is not altogether satisfactory to this court, but upon a full consideration of all the evidence the conclusion is reached that the evidence supports the implied finding by the trial court in her favor upon the issue and that we should not set it aside.

[3] Error is also assigned to the action of the court in rendering judgment committing the care and custody of the minor child to the plaintiff without the defendant's right to see or have the companionship of said child, and, particularly, that portion of the decree enjoining the defendant from going about his child. The child is a little girl and her custody was properly confined to the mother, but the father has rights with respect to his child which must be respected so long as they do not conflict with the child's welfare. The circumstances must be extraordinary indeed to warrant a decree permanently enjoining a parent from going about its child. There is no evidence whatever in this record to warrant this drastic feature of the decree, nor to show that the father is not entitled to see and have the companionship of his child under reasonable restrictions consistent with the mother's care and custody.

[4] The issue with respect to the right of the mother to the care and custody of the child and of the father's right in that connection is collateral to and severable from the main issues of divorce and settlement of property rights. Therefore it is ordered that the judgment of the lower court upon the issues of divorce and settlement of property rights be affirmed; that portion of the judgment awarding the care and custody of the child to the plaintiff and enjoining and restraining the defendant from going about the plaintiff or the child is reversed and remanded for retrial. Court of Civil Appeals rule 62a.

Affirmed in part; reversed and remanded in part.