TIMOTHY J. McCARTHY *vs.* NORA McCARTHY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued November 3d—decided December 9th, 1937.

*Thomas R. FitzSimmons,* for the appellant (defendant).

*Leonard J. Gilhuly,* with whom, on the brief, was *Frank W. Daley,* for the appellee (plaintiff).

HINMAN, J. The complaint alleged intolerable cruelty by the defendant between September, 1934, and September, 1935. The answer was, as to this, a general denial. The finding sets forth facts as to conduct of the defendant during the period alleged from which the trial court reached the conclusion that she was guilty of intolerable cruelty to the plaintiff. It also included a statement that the plantiff "never condoned the general conduct" of the defendant. The defendant does not now claim that in the absence of condonation the conclusion of cruelty was illegally or illogically drawn from the subordinate facts. Her contention is that instead of finding as it did that the plaintiff had not condoned her conduct, the court should have found that her acts had been condoned. As no attack is made upon the finding of relevant subordinate facts, her claim necessarily is that these facts require a finding of condonation, in that it appears that, in September, 1934, when the parties moved to another apartment the plaintiff spent about $1500 in furnishing it, and transferred the balance of his money in bank to a joint account with his wife, that in May, 1935, on again moving, he bought more furniture and spent additional sums of money to provide a comfortable home, and, especially, that after they had

separated in June, 1935, a reconciliation was effected in July as a result of which they resumed living together for a time.

The answer contained no allegation of condonation which, not being inconsistent with the statements in the complaint, should be specially pleaded. Practice Book, § 104. See *Bagdan* v. *Bagdan,* 100 Conn. 521, 522, 123 Atl. 841. The general rule as to pleading in divorce actions is to the same effect—that condonation of the offense complained of as a cause for divorce should be specially pleaded as an affirmative defense in order to be available to the defendant, on whom the burden of proving it would consequently rest. 2 Schouler, Marriage & Divorce, § 1535; 19 C. J. 115. "Condonation is a defense, with the burden of establishing it resting on the one asserting it." *Greenwell* v. *Greenwell* (R. I.) 98 Atl. 53, 54. While it is also generally held that, the interests of the State as well as of the parties being involved in a divorce action, the trial court, in the exercise of judicial discretion, may permit introduction of evidence of condonation or, on its own motion, elicit such evidence, and if it be established refuse a decree (2 Schouler, Op. Cit., § 1535; Note, 76 A. L. R. 990, 1000), the present case is not within this rule, since the trial court has not found condonation to be established but even has been at pains to expressly negative its presence.

However, even if the defendant was in a position to claim an adjudication of an issue of condonation we could not say that an affirmative finding thereon is called for, as a matter of law, or that the finding to the contrary is erroneous. What constitutes condonation of cruelty is a question of fact. *Mandelin* v. *Mandelin,* 120 Minn. 198, 200, 139 N. W. 152; 2 Schouler, Op. Cit., § 1697. It "is a state of mind to

be determined upon all the evidence, including rational inferences." *Drew* v. *Drew,* 250 Mass. 41, 45, 144 N. E. 763. The cruelty which affords cause for divorce ordinarily is cumulative and augmented by addition, consisting of a continued and persistent course of conduct or a series of acts or circumstances occurring while the parties are still living together. Continuance of marital relations, if maintained and endured with a desire and reasonable hope for better treatment or a better understanding, until forbearance ceases to be a virtue, does not constitute condonation, nor do concessions made or reconciliation entered into with like sentiments and to a like end. 2 Bishop, Marriage & Divorce, §§ 304, 305; Keezer, Marriage & Divorce, § 424; 9 R. C. L. 383; Notes, 14 A. L. R. 932, 98 A. L. R. 1356. "Endurance of unkind treatment in an effort to overcome its practice and continuance of cohabitation does not condone a course of inhuman conduct." *Fisher* v. *Fisher* (App. Div.) 227 N. Y. Sup. 345, 350. Patience and forbearance while entertaining hope of reformation should not be mistaken for condonation but rather serve to strengthen the cause of action. *Balfe* v. *Balfe,* 165 La. 283, 287, 115 So. 489. "If marital intercourse or continued living together is to be treated as condonation [of cruel treatment], then a spouse who hopes for improvement in conduct, and continues marital relations in the hope that things may eventually straighten out, is, by the very act of tolerance, barred from securing a divorce. . . . The doctrine of condonation was not intended to create such a dilemma." *Cudahy* v. *Cudahy,* 217 Wis. 355, 359, 258 N. W.. 168, 170; *Arndt* v. *Arndt,* 146 Ore. 348, 25 Pac. (2d) 1118, 30 Pac. (2d) 1; *Fekany* v. *Fekany,* 160 So. 192, (119 Fla. 865); *Mandelin* v. *Mandelin,* supra, p. 199; *Duckett* v. *Duckett,* 143 Md.

551, 123 Atl. 55; *Bliss* v. *Bliss,* 161 Mo. App. 70, 75, 142 S. W. 1081.

We cannot say that the trial court could not legitimately infer from the other facts found that the acts of the plaintiff upon which the defendant relies as constituting condonation were motivated by such hopes or expectations. *Steinmann* v. *Steinmann,* 121 Conn. 498, 502, 186 Atl. 501. Nor can we say, in the absence of the evidence, that support was not afforded thereby for such a finding, as a primary fact, and, as well, for the statement, which is the only other finding which is now questioned, that the defendant's conduct caused physical, mental and nervous injury to the plaintiff.

There is no error.

In this opinion the other judges concurred.