## Henry C. Dion *v.* Isabelle C. Dion

Maltbie, C. J., Avery, Brown, Jennings and Ells, Js.

Argued October 9—decided December 17, 1941.

*William M. Harney,* for the appellant (plaintiff).

*A. A. Lawler,* with whom, on the brief, was *William J. Mulligan,* for the appellee (defendant).

Ells, J. The plaintiff brought an action for divorce on the grounds of intolerable cruelty and desertion, to which the defendant pleaded a denial, and recrimination. The case was referred to a state referee to hear the evidence and report the facts to the court. He held hearings and rendered a detailed report finding the issue of intolerable cruelty in favor of the plaintiff.

On the day the report was filed the defendant had secured permission from the court to amend her defense and plead condonation, as there had been evidence at the hearing tending to support such a defense. The court recommitted the report to the referee with direction to find the subordinate facts as to the amended claim of condonation, and the conclusions reached thereon. The referee filed an amended report finding the issue of condonation in favor of the plaintiff, but failed to state the subordinate facts. The court again recommitted it, and the referee filed a memorandum stating that the file did not disclose that the parties had stipulated that he might act without further evidence, and that if there was to be another hearing he could not hold it until considerably later. In this situation, the parties stipulated that in accordance with the provisions of § 172, Connecticut Practice Book, the court might correct the referee's report and determine whether, when so corrected, it supported the conclusions of the referee, including the conclusion that the defendant had failed to sustain the burden of proof as to condonation. The court made a finding containing the same subordinate facts as were stated in the report, as to cruelty, and also certain other facts as undisputed or admitted, and concluded that the latter established condonation.

As the trial court heard no evidence, there was no basis upon which it could make a finding; *Luth* v. *Butwill,* 119 Conn. 697, 698, 176 Atl. 552; *Dime Savings Bank of Hartford* v. *Bragaw,* 125 Conn. 281, 283, 4 Atl. (2d) 924; the facts contained in the report were already a matter of record and the court could only correct the report by striking out findings made without evidence or adding findings which stated facts which were admitted or undisputed. Practice Book, § 172. The defendant filed a counterfinding, and to

give that effect we would have to treat it as a remonstrance seeking certain corrections in the facts contained in the referee's report; but as our conclusion in regard to the finding of the trial court that the plea of condonation was established requires us to hold that there was error, we do not need to consider the counterfinding. The additional findings made by the trial court were restricted to the issue of condonation, and, regarding them as in effect corrections of the referee's report, they fall short of establishing that the referee's conclusion upon this issue should be overruled. Corrected as they must be in certain respects, they amount merely to this: After the parties separated, they went together on a vacation for several days to New Bedford; on another occasion they occupied the same room and bed; and on several occasions each visited the home of the other where he or she was living with his or her parents respectively. "What constitutes condonation of cruelty is a question of fact. . . . It 'is a state of mind to be determined upon all the evidence, including rational inferences.' . . . Continuance of marital relations, if maintained and endured with a desire and reasonable hope for better treatment or a better understanding, until forbearance ceases to be a virtue, does not constitute condonation, nor do concessions made or reconciliation entered into with like sentiments and to a like end." *McCarthy* v. *McCarthy*, 123 Conn. 409, 411, 195 Atl. 607. The bare facts which can be added to the report of the referee do not make the inference that the plaintiff condoned the intolerable cruelty of the defendant, which the referee found not to be proved, so clear that the trial court can conclude that there was condonation as matter of law.

It is difficult to see how the trial court could well determine that issue in this case, for any facts it might

add to the report would necessarily have to be weighed, as stated in the *McCarthy* case, in the light of all the evidence and rational inferences to be drawn therefrom. Without a finding fairly presenting that issue, judgment could not properly be entered in the case. The close relationship between cruelty as a ground for divorce and conduct claimed to prove condonation of it is such as to make it very difficult, if not impossible, to sever the two and regard them as independent factors in the situation. In view of the failure of the referee, when the case was recommitted to him, to make a further finding upon that issue and the statement that he would be unable to give further attention to the matter for some months, the trial court might well have revoked the reference to him, and tried the case or recommitted it to another referee. Practice Book, § 175. It may still recommit the case to the same or another referee or itself try it.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion the other judges concurred.