19 So.2d 354

## CAMPBELL v. CAMPBELL.
### 7 Div. 781.

Supreme Court of Alabama.
Oct. 5, 1944.

Scott & Dawson, of Fort Payne, for appellee.

A. E. Hawkins, of Fort Payne, for appellant.

LIVINGSTON, Justice.

Robert R. Campbell instituted suit in the Circuit Court of DeKalb County, Alabama, in equity, seeking a divorce from Cleo N. Campbell on the ground of voluntary abandonment. Subdivision 3, section 20, Title 34, Code of 1940. Upon submission the trial court made and entered a decree granting the relief prayed for, and respondent Cleo N. Campbell appeals. The bill was filed on March 23, 1943.

The allegation that the parties "lived together as husband and wife until on or about the 15th day of March, 1941, when the respondent of her own free will and accord and without fault on the part

of the complainant, abandoned him, his bed and board, and they have not lived together since said separation," is sufficient under the statute. Substantially, the bill alleges voluntary abandonment from bed and board for two years next preceding the filing of the bill. Demurrers to the bill were properly overruled. Stephenson v. Stephenson, 213 Ala. 382, 105 So. 183.

■ Appellant earnestly insists that the evidence is wholly insufficient to establish a voluntary abandonment for two years next preceding the filing of the bill as required by the statute.

After a careful consideration of all the evidence we concur in the following findings of facts by the trial court: "It appears to the court that these parties were married in May, 1939, and lived together approximately two years when they separated. Their residence during the two years they lived together was principally with the parents of the complainant, where they lived as members of the family. The respondent abandoned complainant in March, 1941, and returned to the home of her parents where she has continued to live. The complainant was inducted into the Army in February, 1942, and just prior thereto it appears that he spent one night and perhaps a part of another night with the respondent at the home of her father and at a tourist camp. It further appears that the complainant was improvident and reckless in financial affairs and perhaps spent some of the money of the respondent from time to time, but no where in the testimony is there any intimation that she was not provided with a home and pleasant surroundings, and there seems to have been no reason for her leaving the complainant except her complaint that he was reckless, gambled and drank some and was improvident generally in a financial way. She testifies that during the time they lived together that she taught school and bought her own clothes. From a careful study of the testimony this court is of the opinion that the respondent abandoned the complainant without sufficient reason and without his consent and without the intention to return, and that the abandonment was continued for a period of two years."

We are further fully convinced from the testimony that, at the time the parties spent the night at the home of the wife's parents, and a part of a night at a road house or tourist camp, and on which occasions they had sexual intercourse, the wife did not intend to return to the home of the husband and to her duties as his wife. The serious question is whether these acts, in and of themselves, break the continuity of the wife's abandonment of the husband, which continuity, under our statute and decisions, is essential to the maintenance of a bill for divorce. No case is cited, nor has our search revealed a case deciding the question in this jurisdiction. Other authorities appear to be in conflict.

In Danforth v. Danforth, 88 Me. 120, 33 A. 781, 31 L.R.A. 608, 51 Am.St.Rep. 380, the court said: "Desertion, such as will be a valid cause for divorce, is not easily defined. Stewart v. Stewart, 78 Me. 548, 7 A. 473 [57 Am.Rep. 822], and cases there cited. And it may be equally difficult to define what will constitute an interruption or condonation of desertion. The authorities are conflicting and confusing. In Kennedy v. Kennedy, 87 Ill. 250, where a wife, without justification, refused to go to a new home which her husband had prepared for her, and remained away for the statutory length of time necessary to create a valid ground for divorce, the court held that the fact that, on one occasion, he cohabited with her at her brother's house did not interrupt the desertion or bar his right to a divorce. And we have reached the same conclusion. 'Utter desertion continued for three consecutive years,' is one of the causes for which a divorce may be granted. Rev.Stat. [1883], c. 60, § 2. And we think that if a wife deserts her husband, and remains away from him for the full period of three consecutive years, and, during all that time continuously and unreasonably refuses to return, his right to a divorce is complete, and cannot be defeated by proof that on one occasion, within the three years, he visited his wife, and, for two or three nights, occupied the same bed with her. Such a visit is not illegal or improper. On the contrary, it has often been held to be the duty of the husband to visit his absent wife, and to endeavor by all proper means to effect a reconciliation. If he succeeds, and his wife returns to her home, and to her duties as his wife, undoubtedly her prior desertion will be interrupted or regarded as condoned, and cannot be added to a subsequent desertion for the purpose of completing the three years necessary to entitle her husband to a divorce. But if, in spite of his efforts, his wife persistently and unreasonably refuses to return, and continuously remains away from him for three consecutive years, we think her hus-

band's right to a divorce is complete; that the mere fact that on one occasion he visited her, and for two or three nights occupied the same bed with her, does not interrupt the continuity of her desertion."

The foregoing excerpt from Danforth v. Danforth, supra, was quoted with approval in the case of Womble v. Womble by the Texas Court of Civil Appeals, 152 S.W. 473. See, also, 19 Corpus Juris 62, 63; 27 C.J.S., Divorce, § 37.

We think the reasoning of the courts in the cases cited above is sound. In order to interrupt the period of abandonment the marital union must be restored. Mere cohabitation, without any intention of living together as man and wife, does not of itself restore the marital relation.

In the instant case, as stated above, we are fully convinced by the evidence that at the time the wife submitted to the embraces of the husband she had no intention to restore the marital relation.

Finding no error, the case is due to be and is affirmed.

Affirmed.

THOMAS, FOSTER, STAKELY, and SIMPSON, JJ., concur.