32 So.2d 537

### HARBIN v. HARBIN.
### 6 Div. 581.

Supreme Court of Alabama.
Oct. 30, 1947.

Elliott & Petree, of Jasper, for appellant.

Curtis, Maddox & Johnson, of Jasper, for appellee.

618

SIMPSON, Justice.

Mrs. Iciedoe Harbin sued John Harbin for a divorce, alleging cruelty and adultery. The appeal is by the defendant from a decree granting the plaintiff the divorce and awarding her alimony and the custody of the couple's two children.

■ The point argued—and to which we will confine discussion (Supreme Court Rules 10 and 12, Code 1940, Tit. 7, Appendix; Louisville & N. R. R. Co. v. Holland, 173 Ala. 675, 55 So. 1001; Wetzel v. Hobbs, Ala.Sup., 31 So.2d 639 [1]—is that the evidence was insufficient to rest a divorce decree on either ground. We think the argument is well founded.

■ Both parties had been previously married and each had children by these former marriages, all of whom at first resided with the couple, but later Mrs. Harbin's children took up residence with other relatives. The final rift came when appellant's 19-year-old son by his former marriage struck Mrs. Harbin during an argument between herself and the boy's younger brother. The husband intervened and this ended the scene, but she left the house and started these proceedings. It was not proven that this violence was inflicted upon the plaintiff with the husband's connivance or consent or that the son's alleged conduct was in any degree participated in or encouraged or approved by the defendant. So this was manifestly insufficient to justify a decree of divorce on the ground of cruelty. Code 1940, Tit. 34, § 22; Hole v. Holt, 204 Mass. 25, 90 N.E. 392; 17 Am. Jur. 185, § 71; 19 C.J. 47, § 84; 27 C.J.S., Divorce, § 25.

■ The same view must also be entertained as regards the evidence of adultery because the alleged misconduct of the defendant had been condoned, which in our divorce law means a forgiveness by the offended spouse with the voluntary renewal or continuation of cohabitation.

General discussion of the doctrine of condonation indicating the divergence of opinion by the various courts may be found in 27 C.J.S., Divorce, p. 616 et seq., § 62; 17 Am.Jur. 259-60, § 214; Keezer, Marriage and Divorce, 3d Ed., p. 558, § 520. Since, however, the general rule is without application to the case in hand, it would serve no good purpose to discuss it here.

■ The condoned offense, of which defendant had been charged, was adultery with Mrs. Harbin's sister-in-law about four years previous to the final separation, of which Mrs. Harbin had had knowledge. On her husband's promise "not to mistreat her any more," however, she continued to live in his home and cohabit with him until shortly before the above-mentioned episode between herself and the defendant's son resulting in the final separation. This was an absolute condonation of the alleged offense and barred the right of divorce on such original ground. Code 1940, Tit. 34, § 26.

True, in speaking of the general doctrine of condonation, our cases have declared that such forgiveness is coupled with the implied condition that the injury be not repeated and that a repetition of the offense removes the bar of condonation and operates to revive the former acts. Harrison et al. v. Harrison, 20 Ala. 629, 56 Am.Dec. 227; Turner v. Turner, 44 Ala. 437; Reese v. Reese, 23 Ala. 785; Hughes v. Hughes, 19 Ala. 307; Black v. Black, 199 Ala. 228, 74 So. 338.

■ This principle is merely declaratory of the English ecclesiastical law (Durant v. Durant, 1 Hagg.Eccl.Rep. 733, 761) and while having been applied to various other marital offenses, no case in this jurisdiction has applied the principle exclusively to condoned adultery, and it can have no application to such a status where by express provision of our statute the rendition

[1] Ante, p. 434.

of a divorce decree is inhibited after condonation of the offense. The pertinent provision of the statute is "no decree [of divorce] can be rendered * * * where there has been a condonation of adultery by the admission of the offending party to conjugal embraces, after knowledge of the commission of the crime." This statutory provision is necessarily of controlling force and must be regarded as having been intended as a limitation on the doctrine enunciated by the English courts and as prohibiting the granting of a divorce for adultery, where condoned, regardless of the subsequent conduct of the offending party. Otherwise the enactment of such a statute would have been unnecessary and but redundant tautology.

In exercising the power to grant divorces a vinculo the equity court is acting as one of limited jurisdiction and its ambit of authority is within those statutory provisions and proscriptions (Partlow v. Partlow, 246 Ala. 259, 20 So.2d 517; Tillery v. Tillery, 217 Ala. 142, 115 So. 27) and the above-quoted statute must be construed as a direct limitation on the prevailing doctrine of condonation as regards that specific antecedent matrimonial offense.

We have carefully canvassed our former decisions on the subject and are persuaded that the present holding is fully consonant with the principle enunciated in these cases.

On the basis of these conclusions, it will appear quite clear that the decree of divorce resting on the ground of adultery cannot be sustained. It was not proven, nor was it contended, that the defendant had been guilty of such misconduct subsequent to the long past forgiven act and of consequence the decree cannot be rested on that ground.

The evidence being insufficient to justify a decree on either of the grounds alleged, it results that the decree must be reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.