## CARMELA P. FERRARO v. JOHN FERRARO

SUPERIOR COURT          NEW HAVEN COUNTY          FILE No. 71550

Memorandum filed November 30, 1950

*Nelson Harris, Arthur B. O'Keefe, Jr.* and *Joseph Koletsky,* all of New Haven, for the Plaintiff.

*David M. Reilly, Franklin Coeller,* of New Haven, and *Jacobs, Jacobs & Jacobs,* of Meriden, for the Defendant.

MOLLOY, J.   The plaintiff and defendant intermarried at New Haven, on November 14, 1942.   The plaintiff seeks a divorce from the defendant on the ground of intolerable cruelty. The latter denies the acts of alleged cruelty, and as a special defense claims the alleged acts of intolerable cruelty, if any, were condoned by the plaintiff.   Service of this action was made upon the defendant August 24, 1948.   The parties have, however, continued to live together in the same house owned jointly by them.   This situation may be due to the advice the petitioner received and to the defendant's refusal to leave the house, resulting in complicating the case and making it, perhaps, more difficult of solution.

Starting with *Shaw* v. *Shaw,* 17 Conn. 189, and culminating in *French* v. *French,* 135 Conn. 542, we have a series of intolerable cruelty divorce actions wherein various aspects of this statutory ground for divorce are discussed. They are, of course, most helpful in the decision of cases of this type. Quoting, for instance, from *Kilpatrick* v. *Kilpatrick,* 123 Conn. 218, 221, our Supreme Court said in *Morse* v. *Morse,* 128 Conn. 138, 139, "To establish intolerable cruelty 'there must not only be proof of acts of cruelty on the part of the offending party but proof that in their cumulative effect upon the other party they are intolerable in the sense of rendering the continuance of the marital relation unbearable' ". So one of the questions in this case is: Was the conduct of the defendant toward the plaintiff such that it "destroyed the public and personal objects of matrimony beyond rehabilitation, rendered the continuance of the marital relation unbearable and justified its termination"? *French* v. *French,* supra, 547. "Though cruel acts may not be individually intolerable, yet if they are manifestations of a persistent and consistent cruel conduct, they may in their cumulative effect become unbearable and intolerable and justify the termination of the marriage relation." *Steinmann* v. *Steinmann,* 121 Conn. 498, 501.

The defendant is undoubtedly a rough fellow in manners and language. This never, of course, appears on the witness stand. He apparently is given to a coarse and profane manner in speaking to his wife, and she resents it. He may not mean it, but that is the way some men act toward their wives.

The plaintiff's recital of acts of conduct toward her by the defendant consists for the most part of abusive and profane language, physical violence on a few occasions and neglect of her at times of illness. It is evident that the defendant's habits of profane and uncouth language and his rough manner of conduct have been very offensive to the petitioner. There is no doubt he is guilty of this conduct toward her.

The plaintiff's unwell condition and illnesses have undoubtedly tended to make her cross, irritable and nervous, so that the husband's language and manner, with the wife's condition, have not added to the peace and serenity which should characterize family life.

Now, despite this situation, the plaintiff has continued to live in the small single house, which they own, since the bringing of this action in August, 1948. Since the trial the defendant has left the house. "The fact, without more, that the parties

continued to live in the same house pending the decision of their divorce action is not conclusive but would at most afford the basis for an inference that the defendant was not guilty of intolerable cruelty." *Rice* v. *Rice,* 134 Conn. 658, 659.

The defendant contends that there has been a condonation by the plaintiff of any alleged intolerable cruelty on his part; and, while the wife denies it, the defendant asserts a course of marital privileges which, if true, would certainly constitute condonation. "Continuance of marital relations, if maintained and endured with a desire and reasonable hope for better treatment or a better understanding, until forbearance ceases to be a virtue, does not constitute condonation, nor do concessions made or reconciliation entered into with like sentiments and to a like end." *McCarthy* v. *McCarthy,* 123 Conn. 409, 412.

A review of the evidence in this case does not develop a situation such as would bring it within the law just cited from the *McCarthy* case. While their family life may have been strained at times during the last two years or more, it was not indicated by their social life in contact with others. This is manifested in their entertaining others at their home, on their visits to the homes of others, in their occasional dining out and their visits with others to Hartford and Brooklyn, and in her visits to the defendant's garage. All of this seems strange for a plaintiff who is now claiming that her husband's conduct was such as to make the continuance of the marital relations unbearable. It strikes the court more like an attitude that "If, when the case is reached, I feel like asking for a divorce I will do so, and if I don't, I won't press the action"; which all adds up to the notion in the minds of some people, too many it seems, that all you have to do to get a divorce is to go to court and ask for one. Of course, there may be reasons for this attitude. It is not necessary to discuss them here.

So this court is of the opinion that, while the plaintiff's life with this defendant is not what she would like it to be or what it should be, nonetheless there does not exist a situation which constitutes intolerable cruelty, that is, such cruelty as makes the continuance of the marital relation unbearable.

The petition is denied.