100 So.2d 35

**Robert N. COX**

v.

**Helen S. COX.**

**8 Div. 927.**

Supreme Court of Alabama.

Jan. 23, 1958.

[1]. 266 Ala. 386.

Joe L. Payne, Huntsville, for appellee.

M. U. Griffin, II, Huntsville, for appellant.

STAKELY, Justice.

This is an appeal from a decree of the equity court granting the complainant Helen S Cox (appellee) a divorce from Robert N. Cox (appellant) on ground of cruelty. The case was tried orally before the court.

The assignments of error attack the decree on two grounds, (1) that the evidence is insufficient to show cruelty and (2) that the acts of the appellant were condoned by the appellee.

No good purpose can be served by setting out the details of the unfortunate course of events that caused the separation of the parties. Suffice it to say that upon a consideration of the evidence, we see no reason to set aside the finding of the lower court.

**74**

I. The acts of the appellant in grabbing the appellee in anger, hitting her so hard that she was knocked to the floor, then twisting her around and spanking her a number of times, causing her to become hysterical, are acts of violence committed on the person of the appellee, attended with danger to life or health. Williams v. Williams, 239 Ala. 162, 194 So. 507; George v. George, 255 Ala. 190, 50 So.2d 744; § 22, Title 34, Code of 1940. Appellant then took the appellee to the home of her parents where she has resided ever since.

II. The separation took place on January 12, 1957. This suit was filed May 23, 1957. Twice during this period appellee submitted to intercourse with appellant. There was never any intention on the part of the appellee to forgive the appellant or to resume cohabitation with him. In Brown v. Brown, 219 Ala. 104, 121 So. 386, 387, this court defined condonation as "the willing continuance of cohabitation, a living together in the same place." See also Harbin v. Harbin, 249 Ala. 616, 32 So.2d 537. Here proof of two acts of intercourse during the separation of the parties does not necessarily establish condonation, where there is no intention to forgive and to resume marital relations. See Annotations 32 A.L.R.2d 141; Campbell v. Campbell, 246 Ala. 107, 19 So.2d 354, 155 A.L.R. 130.

The court was not in error in finding that the appellee had not condoned the acts of cruelty committed by the appellant. Phillips v. Phillips, 221 Ala. 455, 129 So. 3; Miles v. Miles, 131 W.Va. 513, 48 S.E. 2d 669; Weber v. Weber, Mo.App., 189 S.W. 577; Dion v. Dion, 128 Conn. 416, 23 A.2d 314.

The decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, MERRILL and COLEMAN, JJ., concur.