LUCILLE I. D. HENRY *v.* EDWARD J. HENRY

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 106426
AT BRIDGEPORT

Memorandum filed January 13, 1959

*Leo B. Brooks,* of Danbury, for the plaintiff.

*George Papazoglou,* of Danbury, for the defendant.

FITZGERALD, J. The within action was instituted by writ dated May 15, 1958, and returned to court on the first Tuesday of June, 1958. It is one in which the plaintiff wife seeks a divorce from the defendant husband on the alleged ground of intolerable cruelty between March 25, 1943, and the date of the writ. The defendant's answer, filed September 4, 1958, joined issue on the allegation of intolerable cruelty. On November 15, 1958, the defendant filed a motion for permission to file a cross complaint which was subsequently granted. Such cross complaint was filed November 21, 1958. In that pleading the defendant alleges adulteries on the part of the plain-

tiff between December, 1950, and May 29, 1958, and asks for a decree of divorce in his favor. The plaintiff's reply thereto, filed November 25, 1958, denied these charges. At the opening of the trial of the case on January 7, 1958, the defendant asked and received permission of the court to withdraw his cross complaint. Hence the trial of two days was confined to the allegation of intolerable cruelty recited by the plaintiff in her complaint and denied by the defendant in his answer thereto.

The parties were married in New York City on March 25, 1943, and have two children, namely, Kathryn, born March 28, 1944, and Linda, born October 10, 1946. At the time of the trial, the plaintiff was forty-one years of age and the defendant thirty-seven years of age. It can be readily found that shortly after their marriage and while they were still living in New York City, the defendant on occasions struck the plaintiff. Such acts of violence persisted after the parties moved to Danbury, Connecticut, in 1944. They cannot be justified, and the defendant conceded this to be so when a witness in his own behalf. The prelude to these demonstrations of temper and violence need not be detailed in this writing.

Counsel for the parties urged that the court discuss in chambers the domestic situation with the eldest daughter Kathryn, who is now nearly fifteen years of age. This was done. The child evidenced affection for both her father and mother but stated without hesitation that she had witnessed on many occasions blows given the mother by the father and resulting hysteria; and that she and her younger sister have been enjoying domestic tranquility since the separation of the parents in the spring of 1958. The children since then have been living with the plaintiff, their mother.

Before taking up the question of condonation injected by the defendant, the court is satisfied that the plaintiff has sustained the burden of proof on the allegation of intolerable cruelty. The test applied is that stated in such cases as *Kilpatrick* v. *Kilpatrick,* 123 Conn. 218, 221; *VanGuilder* v. *VanGuilder,* 100 Conn. 1, 3; and *Bloomfield* v. *Bloomfield,* 144 Conn. 568. When applied, the result is that the plaintiff is entitled to a finding that she has proved the basic allegation of her complaint and is entitled to a decree of divorce on the ground of intolerable cruelty, unless condonation by her of the defendant's conduct exists as an operative bar.

It is the defendant's position that any intolerable conduct on his part has been condoned by the plaintiff. The following factual items may be noted: By writ dated April 27, 1956, and returned to court on the first Tuesday of June, 1956, the plaintiff instituted an earlier action of divorce against the defendant on the alleged ground of intolerable cruelty. A reconciliation was effected and that action was withdrawn. It was the plaintiff's testimony, and the court so finds, that the marital situation was not improved and, if anything, became worse after the parties resumed living together until April or early May, 1958, when the plaintiff again left the defendant. The defendant had developed a more subtle form of cruelty—grim accusations of infidelity on the part of the plaintiff. Such had been made before but now took on a more relentless form of persecution.

Condonation should be specially pleaded as a defense. *McCarthy* v. *McCarthy,* 123 Conn. 409, 411. The defendant has not done so. However, the court in the exercise of a judicial discretion, and because the state has an interest in every divorce case, will examine this aspect. Ibid. It is found that after the plaintiff's first action for divorce had been with-

drawn and the parties had resumed living together, the defendant had not mended his ways. "The law is well settled that an offense which has been condoned may be revived not only by a repetition of the same offense, but also by the subsequent commission of other marital offenses constituting a ground of divorce." *Bagdan* v. *Bagdan,* 100 Conn. 521, 523, and authorities and cases there cited; see also the general discussion in *McCarthy* v. *McCarthy,* supra. The unfounded charges of infidelity persistently hurled at the plaintiff by the defendant are in themselves a sufficient basis for a divorce on the ground of intolerable cruelty. See discussion by the trial court in *Suffredini* v. *Suffredini,* 20 Conn. Sup. 435, 437, and cases and text reference there noted. Condonation has not been established by the defendant, even if the aspect of pleading it as a defense is bypassed.

The plaintiff is found entitled to a decree of divorce on the ground of intolerable cruelty, together with custody of the two minor daughters of the marriage. The remaining question is that of alimony and support for the children. The controlling statute is § 7335 of the 1949 Revision of the General Statutes. Cases of discussion value are many. Among such cases are the following: *Shrager* v. *Shrager,* 144 Conn. 483, 487; *Elmore* v. *Elmore,* 138 Conn. 408, 410; *LaBella* v. *LaBella,* 134 Conn. 312, 317; *Scott* v. *Scott,* 83 Conn. 634, 639; *Lyon* v. *Lyon,* 21 Conn. 185, 197.

During the calendar year of 1958, the defendant averaged $83 a week assisting his father at a gasoline station in Danbury. At the present time, the defendant is trying to operate as a real estate broker. He and the plaintiff own jointly the home premises, which have a market value of $17,000. There is a first mortgage on this property of $7700 and a second incumbrance of $3400, which leaves

an equity of $5900. The defendant, together with his father, has an interest in two lots located in Danbury. So also he has a policy of insurance on his life of $10,000, under which his father is the named beneficiary. In addition, there is registered in his name a 1957 Oldsmobile bearing registration markers ER 688. The plaintiff presently has possession of this car and has been making payments on it as they accrue.

As support for the children, the defendant is ordered to pay $15 a week for each child. By way of alimony the plaintiff is awarded $15 a week and, in addition, a lump sum of $2950 in cash (one-half of the equity in the home premises), payable on or before April 1, 1959. This period in the future for payment of the specified lump sum is set so as to give the defendant time in which to sell the real estate or otherwise raise the money awarded the plaintiff in a lump sum over weekly alimony. Lastly, the defendant within thirty days from date is directed to effect a transfer of the Oldsmobile car to the name of his wife at the office of the commissioner of motor vehicles of the state of Connecticut.

Reasonable visitation in regard to the children is accorded the defendant on Sundays for a period of six hours. What hours this period is to encompass is to be mutually determined by the parties.

A decree in favor of the plaintiff is to enter in accordance with the foregoing directives.

That the setting of weekly support for the children and weekly alimony for the plaintiff is less than the present temporary orders on file is not to be understood as due to any inadvertence on the part of the court. The awards herein entered are deemed to accord with the circumstances of the defendant as they are presently determined.