This is a divorce case.
The wife filed for divorce on August 4, 1988, and various pleadings and discovery followed. After receiving ore tenus
evidence on October 26, 1988, the trial court directed the wife's attorney to draft and submit to the court a judgment of divorce incorporating the ruling of the court. The final divorce decree was signed December 5, 1988. The wife's award included $1000 monthly periodic alimony from the husband and an attorney's fee of $12,000. The husband's post-trial motions were denied and he appeals.
The husband brings three issues for appellate review. (1) Did the trial court err in not setting aside the final divorce decree based on condonation? (2) Did the trial court err in awarding $1000 monthly periodic alimony? (3) Did the trial court err in awarding $12,000 attorney's fee to the wife?
At the outset we note that, when evidence is presented to the trial court ore tenus in a divorce case, the judgment is presumed correct and will not be set aside by this court unless it is plainly and palpably wrong or unjust. This court is not permitted to substitute its judgment for that of the trial court. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
 I
The husband contends that the cohabitation between October 26, 1988, and December 5, 1988, serves as a condonation of the wife's grounds for divorce and voids the divorce decree pursuant to § 30-2-3, Ala. Code 1975 (1983 Repl.Vol.). Section30-2-3 provides that a judgment of divorce may be refused in situations involving collusion between the parties, or condonation.
"Condonation means the willing continuance of cohabitation, a living together in the same place from which fact sexual intercourse may in general be presumed." Latham v. Latham,54 Ala. App. 305, 307, 307 So.2d 703, 707 (Ala.Civ.App. 1975). The question of cohabitation is a factual determination that lies within the discretion of the trial court. Tucker v.Tucker, 416 So.2d 1053 (Ala.Civ.App. 1982). This court cannot reverse that determination unless the evidence indicates such determination is plainly and palpably wrong. Tucker, supra. *Page 1077 
Further, condonation in divorce cases means forgiveness by the offended spouse. Harbin v. Harbin, 249 Ala. 616,32 So.2d 537 (1947). There must be an intention to forgive and to resume the marital relationship. Cox v. Cox, 267 Ala. 72, 100 So.2d 35
(1958). Our courts have held that something more than a mere temporary cohabitive relationship must occur to act as a condonation in a divorce proceeding. Latham, supra; Cox, supra;
and Harbin, supra.
The trial court had before it evidence of the conduct of the parties at the hearing on the post-trial motion. At best, the evidence indicates that the parties may have attempted a brief, but unsuccessful reconciliation after the October 26, 1988, hearing. The evidence supports the trial court's determination that the divorce should not be set aside based on condonation.
 II
The husband next argues that the award of $1000 monthly periodic alimony is unwarranted, excessive, and an abuse of the trial court's discretion. He argues that the award is inequitable considering the facts of this case.
It is well settled that periodic alimony is a matter that rests soundly within the trial court's discretion and such determination will not be disturbed on appeal absent an abuse of that discretion. The trial court should consider many factors in awarding alimony including age and health of the parties, the property owned, the length of the marriage, the standard of living, and the conduct of the parties. Lones v.Lones, 542 So.2d 1244 (Ala.Civ.App. 1989).
In the instant case, the parties had been married since 1948 and had raised one child together. The record reveals that the wife's contributions to the marriage were many, including working while the husband attended school, and receiving as gifts and inheritances assets from her family which were used to support the parties and help the husband get started in his dental practice. Additionally, the wife worked hard in the husband's business when he began his dental practice and was very involved in the building and maintenance of the marital home. There was also evidence that the wife continues to be very involved and financially supportive to the grown daughter and grandchild of the parties. It is apparent that the trial court had ample evidence before it to support its award of periodic alimony and such award will not be disturbed on appeal. Lones, supra.
 III
The final issue the husband brings concerns the award of attorney's fee to the wife. He agrees that the attorney's fee award rests within the trial court's discretion. Lutz v. Lutz,485 So.2d 1174 (Ala.Civ.App. 1986). He contends that the amount of the award is excessive. Our review of the record reveals that preparation and trial of this case was complex and required extensive discovery. The trial court set a hearing for the matter of attorney's fee to receive ore tenus evidence. We have no transcript of that hearing to review in this appeal and, therefore, have no alternative but to affirm the trial court's decree. English v. English, 352 So.2d 454
(Ala.Civ.App. 1977). Evidence before the trial court but not before the appellate court is conclusively presumed to support the trial court decree. English, supra.
Finding no error in the trial court's award of attorney's fee, we must affirm.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur. *Page 1078