I concur in the main opinion in all respects except one: although the evidence does support a finding of incompatibility, I do not believe that the trial court's finding of adultery in its divorce judgment is incorrect. The trial court could have concluded from the father's testimony that the mother did not actually resume "living together in the same place" with the father in Georgia after her affair so as to mandate a conclusion that the father condoned the mother's adultery. Under our law, *Page 477 
something more than a "mere temporary cohabitive relationship," such as occasionally spending weekends together, must occur to warrant a conclusion that a party has condoned his or her spouse's adultery; "[t]here must be an intention to forgive and to resume the marital relationship." Rush v. Rush,551 So.2d 1075, 1077 (Ala.Civ.App. 1989). Because the main opinion recognizes the propriety of the trial court's divorce judgment based on the evidence presented but unnecessarily directs the trial court to base its divorce judgment solely on the ground of incompatibility, despite substantial evidence supporting the ground of adultery, I dissent as to that issue.