DICKERSON v. DICKERSON.   (No. 2025.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 21, 1918.)

1. EVIDENCE ⬤⟾10(4)—JUDICIAL KNOWLEDGE —COUNTIES.

The Court of Civil Appeals judicially knows that Fannin county is a subdivision of the state of Texas.

2. DIVORCE ⬤⟾124—RESIDENCE—SUFFICIENCY OF EVIDENCE.

Evidence *held* to show that plaintiff was a bona fide inhabitant of the state, and had resided in county in which divorce action was brought the requisite time to give court jurisdiction.

3. DIVORCE ⬤⟾37(5)—ABANDONMENT—VISITS.

Fact that husband visited wife, who had abandoned him, for purpose of trying to persuade her to return, did not interrupt running of period of abandonment.

4. DIVORCE ⬤⟾184(6)—REVIEW—WEIGHT OF EVIDENCE.

In divorce action, where evidence was conflicting, it was for trial court to weigh evidence and settle issues.

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

Action by S. B. Dickerson against Mary L. Dickerson. Judgment for plaintiff, and defendant appeals. Affirmed.

Rosser Thomas and A. S. Broadfoot, both of Bonham, for appellant.
Will Harkins and J. W. Gross, both of Bonham, for appellee.

HODGES, J. This appeal is from a judgment granting a divorce to the husband on the ground of three years' abandonment by

the wife. The facts show that the parties were married in December of 1911 and lived together in Fannin county until April, 1914. They resided on a farm belonging to the father of the appellee.

[1, 2] There are but two questions presented in this appeal: One challenges the sufficiency of the evidence to support a finding that the appellee was a bona fide inhabitant of the state of Texas and had resided in Fannin county the requisite length of time to give the court jurisdiction in this case; the other challenges the sufficiency of the evidence to show three years' abandonment. The appellee's father testified that the plaintiff was born and reared on his farm near Ladonia, in Fannin county, and resided at the family home during his entire life, with the exception of the two or three years after marriage; that after marriage he lived in the same vicinity. The appellee testified that he and appellant were living on this farm at the time of their separation; that after the separation he had been living with his father. We judicially know that Fannin county is a subdivision of the state of Texas, and the remaining facts are sufficient to show that the statutory conditions as to residence existed at the time of filing this suit. Upon the issue of abandonment the appellee testified that in April of 1914, while he was engaged in some farm work, his wife left him, under the pretense of making a visit, and had continuously since refused to return and reside with him at their domicile; that within a short time after she left him she instituted a suit for divorce against him in the district court of Fannin county. At his instance that suit had been dismissed. She spent the greater part of her time thereafter in Dallas, and steadfastly refused to return and live with him in Fannin county. He admits that while his wife was in Dallas he visited her, and on more than one occasion they occupied the same room. He claimed that he was endeavoring to influence her to return and live with him. It is not disputed that she was willing to live with him if he would change his place of residence, but refused to go back to Fannin county. Some time in 1916 they seem to have reached a definite understanding that they could not live together, and this divorce suit followed.

[3, 4] We think the testimony is sufficient to authorize the court in concluding that at the time the appellant left the home of the appellee she did so with the intention of abandonment. The fact that he visited her was not, under the circumstances, sufficient to require the court to hold, as a matter of law, that there had been a reunion sufficient to interrupt the running of the period of abandonment. In Womble v. Womble, 152 S. W. 473, Associate Justice Jenkins, of the Austin Court of Civil Appeals, in discussing facts similar to these, announces the principles which we think should control the decision of this question. While it is true the appellant testifies to a different state of facts, it was within the province of the court to weigh the testimony and settle the issue.

We conclude the state of the evidence is not such as to require us to set his findings aside, and the judgment is affirmed.