## SCHULTZ et ux. v. MORTON et al.

### No. 12080.

Court of Civil Appeals of Texas. Dallas.

Dec. 12, 1936.

Rehearing Denied Jan. 23, 1937.

Hall & Ashworth, of Dallas, for appellants.

Helen M. Viglini and D. T. Dealey, both of Dallas, for appellees.

BOND, Justice.

The appellants, R. F. Schultz and wife, Beulah Schultz, instituted this suit against the appellees, W. S. Morton and Walter Hogg, to restrain by injunction the sale of their homestead under the powers of a duly executed deed of trust, and to cancel a note, deed of trust, and other liens affecting the title to the property. The ground for the relief sought was, that the note forming the basis for the liens had been fully paid, and, if not paid, any balance unpaid, appellants tender payment on final determination of the amount due.

The record reveals that, on June 23, 1928, the appellants executed and delivered to appellee W. S. Morton a promissory note in the sum of $3,000, secured by a deed of trust on the property in question. Walter Hogg was made trustee. Appellants made no attack, in pleadings, on the deed of trust, if, indeed, it could be attacked, as not being a valid lien on the property. The note was payable in installments of $35 per month, and bore interest at the rate of 8 per cent. per annum, from date until paid, and provided for 10 per cent. attorney's fee on the principal and interest in the event of default. The installments were paid as they became due and duly credited on the note to the date of a fire, which destroyed the improvements on the property, and payments were made thereafter until appellants made default resulting in posting of notices for sale of the security under the terms of the deed of trust.

The improvements on the property were insured in the sum of $2,600, payable, in the event of fire, jointly to appellants and appellee W. S. Morton, as their interest may appear, "to cover and pay off any indebtedness due, or which might be due at the time of destruction of the property."

On the 9th day of March, 1932, the improvements on the property were destroyed by fire, resulting in the insured collecting from the insurance company the sum of $2,168.32, which amount was paid to appellee Morton and by him placed in the First National Bank in Dallas, to his credit. On the failure of appellee to apply this fund to the note, the suit followed.

The cause was tried to a jury and, after some deliberation, the trial court determined that the issue involved presented only a question of law, withdrew the case from the jury, and entered judgment, denying to appellants the injunctive relief, and in favor of appellee W. S. Morton, against appellant R. F. Schultz, for the sum of $2,806.77, being the balance due on the note, principal, interest, and attorney's fees, and against both appellants, foreclosing the deed of trust lien on the property.

In pleadings and proof, appellants contend that the funds were turned over to the mortgagee, under an expressed agreement that he would apply the fund to the credit of the note, thus reducing, if not paying in full, the amount of the note, by the money received from the insurance company; while appellees contend that no such agreement was ever made that $270.21 was applied as a credit on the note, and the residue employed by him, with the knowledge and consent of appellants, in the restoration of the burned buildings.

The testimony is replete that the note was never credited with the insurance money, except the amount above stated; that the mortgagee, with the knowledge and consent of appellants, restored the premises in its former condition and value; and that, after the restoration of the buildings, appellants resumed their occupancy, paid the monthly installments on the original note as theretofore, and continued such payment for more than two years thereafter, with knowledge that the note had never been credited with the insurance

money, except only as to the residue of $270.21 remaining after the fund had been employed by the mortgagee for the preservation and restoration of his security by constructing a new building in place of that destroyed. No new note or written evidence of security ever passed between the parties for the amount of such restoration, and appellants again insured the property to indemnify the mortgagee.

The insurance policy, made payable jointly to the mortgagors and mortgagee, "as their interest may appear," was for a common purpose: In favor of the mortgagee to indemnify his security upon the property, or to restore the security by constructing a new building to replace the one that was destroyed; and in favor of the mortgagors against being deprived of a home, in case of the destruction of the house insured, or provide a fund with which to discharge the debt, if overdue. The fund thus derived from the insurance company was for a common purpose.

In undertaking to replace the house on the lot, thus restoring the security that was burned, the mortgagee was not creating a new indebtedness against the homestead of appellants for such improvements. The restoration of the security was a right the mortgagee had, and, in employing the funds arising from the insurance policy, he was only carrying out one of the common purposes of the parties in creating the insurance out of which the fund arose. Indeed, we think, the mortgagee, under such circumstances, could have employed his own separate and independent funds for the preservation or restoration of his security which had been impaired, without the imputation of creating a new and independent debt on a homestead.

The insurance money was a proper subject of contract. It was not exclusively the fund of the mortgagors or the mortgagee, but was a fund in which each had a common interest for the accomplishment of a common purpose. Naquin v. Texas Savings & Real Estate Inv. Ass'n, 95 Tex. 313, 67 S.W. 85, 58 L.R.A. 711, 93 Am.St.Rep. 855. So, assuming for the purpose here, that the mortgagors and mortgagee did enter into an oral agreement, as contended by appellants, for the funds arising from the insurance policy to be applied as a credit on the note, the parties undoubtedly had the right to modify, change, or alter the terms and conditions of such agreement, renew and again

agree to carry out the common purpose of the parties, as in the first instance, by restoring the security by replacing the improvements.

We think, in the event of circumstances such as presented in this case, that the insurance money to the amount of $1,898.11 was used for the restoration of the premises, and that the residue applied to the note, with the knowledge, acquiesence, and solicitation of appellants, and this, without regard to the alleged agreement previously made to apply the funds to the note, raise no ultimate issue of fact for the determination of the jury. The purposes of the insurance were eventually carried out by the parties: the mortgagors received a new home in place of that destroyed, without incurring any additional debt; and, the mortgagee was restored in his security, thereby placing them in the same situation they were in before the fire.

We have considered the evidence in the light most favorable to appellants; accordingly, we are of the opinion that the judgment rendered by the trial court was the only one that could have been rendered; thus, the judgment is affirmed.

Affirmed.