## KAISER v. HUTCHESON et al.

### No. 10513.

Court of Civil Appeals of Texas. Galveston.

Dec. 16, 1937.

Fowler & Conn, of Houston, for plaintiff in error.

Harry R. Jones, and Andrews, Kelley, Kurth & Campbell, all of Houston, for defendants in error.

CODY, Justice.

This suit was instituted by defendants in error as trustees of a certain trust known as the Charles A. Culberson Fund for the School of Law of the University of Texas, at Austin, in the form of trespass to try title to recover from plaintiff in error lot No. 4 in block No. 4 of Westmoreland addition to the city of Houston, south side of Buffalo Bayou, being the same property described in the deed from R. B. Lechenger to Rosa Kaiser dated March 5, 1926, together with all improvements thereon. The suit was also in the alternative to recover from plaintiff in error on three notes totaling $2,-500, alleged to have been acquired in due course, and to foreclose a deed of trust on the same lot, all alleged to have been executed by H. B. Finch acting as the attorney in fact for plaintiff in error. Plaintiff in error answered by a general denial, and by a plea of not guilty; and answered specially that when she executed the instrument appointing Mr. Finch, her attorney in fact, she was not of sound mind, and that she did not realize the consequences of her act, and further that the property in question was her homestead, and the money was not used for its purchase price, nor to pay for improvements thereon, nor for taxes thereon. By supplemental petition defendants in error denied that plaintiff in error was of unsound mind, as she alleged, and further answered that she had received the $2,500 and expended the same for necessaries. At the conclusion of the trial the court, on the motion of defendants in error, peremptorily instructed the jury to return a verdict in their favor.

Plaintiff in error assigns it as error that the court did not grant her motion for continuance. The record shows that defendants in error filed their suit on October 3, 1934, that plaintiff in error answered through her then attorneys, Burris & Benton, on October 29, 1934; that she personally filed an application for continuance on November 12, 1935, stating as grounds that her nervous system had broken on or about October 10th; that defendants in error had agreed to a settlement for $2,000 and then changed their minds; that she was fighting a deep-seated depression and her nervous system couldn't stand the strain of a court trial at the time, but that she was getting better. To this motion defendants in error answered that they had duly foreclosed their deed of trust more than two years before the date of the motion, and had not been able to get possession of the property, and plaintiff in error had paid nothing on the principal of the indebtedness, or on the interest maturing on and after July 15, 1933, and that they were advised that taxes on the property was several years past due; that they had themselves been forced to pay for fire insurance on the property; that the cause had been set for trial on January 21, 1935, and by agreement passed for the assignment, and was again set for trial on May 13, 1935, at which time they announced ready for trial, but at which time her counsel had the cause continued on account of her illness, and at her expense. The cause was later set for June 17, 1935, at which time defendants in error again announced ready for trial, and plaintiff in error through new counsel, Judge Ben Campbell, secured another continuance on account of her illness, the cost of which was charged to her. That they then requested a trial for October 14, 1935, and she requested a trial for November 10, 1935. That prior to October 14, 1935, plaintiff in error went in person to the presiding judge, who explained over the telephone to the attorney for defendants in error that she, plaintiff in error here, had no attorney and therefore could not be ready for trial on October 14, and that at her request he was resetting the case for November 11, in order to give her an opportunity to get an attorney. That on or about October 17, 1935, the said Rosa Kaiser through her attorney, the Hon. S. O. Lovejoy, filed a suit against plaintiffs (defendants in error here), being cause No. 224872, district court of Harris county (Eightieth judicial district), wherein she sought damages against them, allegedly arising out of the same transaction as is involved in this suit.

■ The court overruled such motion for continuance. Plaintiff in error has not brought up a report of the evidence given at the hearing on the motion. Without any showing of the facts developed at the hearing on the application for continuance, plaintiff in error insists that it was an abuse of discretion on the part of the trial court not to grant it. We do not so hold. Even if plaintiff in error had proved at the hearing on her motion the matters set forth therein, the court's refusal of her motion could not be held to constitute an abuse of discretion. Her application for continuance does not allege whether she would testify at the trial, or why it was material that she should be present. In Harrold v. Arrington, 64 Tex. 233, it is said: "The application for continuance was properly overruled. It did not

1060

show in what respect the presence of the plaintiff was material upon the trial."

In Poe v. Hall, Tex.Civ.App., 241 S.W. 708, 711, it is said: "The sickness of Poe [the defendant], as shown in the application, was a sufficient excuse for his nonappearance in court, but his testimony must have been shown to be material and probably true."

In Rody v. Whitaker, Tex.Civ.App., 37 S.W.2d 288, it is said: "However, since appellant's principal. complaint is of the court's action in failing to continue the case because the plaintiff was sick and unable to be present in court when the case was tried, we will add that we know of no law which requires the plaintiff to be present when his case is tried, and since there is nothing in the record to show that the plaintiff would have testified to material facts had he been present, there was no error by the court in refusing to grant appellant's motion for a new trial based upon such assignment."

Besides, by the terms of article 3768 (R. S.1925), the depositions of either party to a suit may be taken in his own behalf in the same manner and with like effect with the deposition of other witnesses. And under the facts stated in the answer of defendants in error to her motion for continuance, we are not disposed to hold that, in failing to perpetuate her testimony by having it taken prior to the trial, plaintiff in error exercised due diligence. Article 3738 only provides that the "failure to secure the deposition of a *male* witness residing in the *county* in which the suit is pending shall not be regarded as want of diligence where diligence has been used to secure his personal attendance * * * unless by reason of age, infirmity or sickness, or official duty, the witness will be unable to attend the court." And in Bond v. National Exchange Bank of Dallas, Tex.Civ.App., 53 S.W. 71, 72, writ of error denied, it was held: "The court did not err in overruling appellant's application for a continuance. The trial court, in approving the bill of exceptions relating to the overruling of the application, states that this was the third application made by plaintiff for a continuance, based upon the same grounds (her sickness and inability to attend court),— the second one having been granted in March, 1898,—and that a further postponement of the case, in the then condition of the docket, would in all probability operate as a continuance of the cause. This application was made on December 14, 1898.

*The court having continued the case twice because of defendant's sickness, her deposition should have been taken, if her attorneys considered her testimony material."* (Italics ours.)

We overrule the assignment that the court's refusal of plaintiff in error's application for continuance was an abuse of his discretion.

The court entered judgment on the jury's verdict, which was rendered November 12, 1935, on November 14, 1935. Petition for writ of error was filed May 4, 1936.

The assignments of error urged here, other than the one relating to the court's action overruling the application for continuance, relate to instruments that were introduced as evidence on the trial, and are based on no objections raised at the trial. The action of a court in peremptorily instructing the jury to return a verdict in favor of plaintiffs cannot be used as a vehicle on appeal for raising objections which, if they have any weight at all, go rather to the admissibility, than to the sufficiency of such evidence. On the trial plaintiffs, defendants in error here, introduced into evidence:

1. The deed to plaintiff in error, above mentioned, from R. B. Lechenger, dated March 5, 1926, as establishing the common source of title to the property involved.

2. A power of attorney from plaintiff in error, naming H. B. Finch, her attorney in fact, dated June 13, 1930.

3. A deed of trust executed by plaintiff in. error, acting through H. B. Finch, dated July 15, 1930, to the Federal Trust Company, trustee, for the use and benefit of the holders of the notes sued on by defendants in error alternatively, and for the holders of certain 1½ per cent. interest notes.

4. The resignation of Federal Trust Company as trustee, dated September 11, 1933.

5. Appointment of Chester H. Bryan as substitute trustee, dated September 11, 1933, signed by the Culberson Trust Fund for the School of Law of the University of Texas, through its trustees, J. C. Hutcheson, Jr., Ira P. Hildebrand, and Chester H. Bryan.

6. Trustee's deed by Chester H. Bryan, substitute trustee, conveying the property in question, upon consideration of $2,500, to J. C. Hutcheson, Jr., Ira P. Hildebrand, and Chester H. Bryan, trustees for Charles A. Culberson Fund for the School of Law

of the University of Texas, at Austin, Tex., dated October 17, 1933.

7. The notes were secured by the deed of trust, and which were sued on by defendants in error in the alternative.

■ The power of attorney under which Mr. Finch acted was certainly ample to authorize him to execute a deed of trust which contained a provision for appointing a substitute trustee. The very provision of the power of attorney cited by plaintiff in error as being insufficient to confer such power, we quote as sufficient to confer such power: "and to make, sign, execute, acknowledge, and deliver to or for the benefit of the lender or lenders of such money a mortgage or mortgages either with or without power of sale or deed of trust, or deeds of trust, in, upon, covering, or encumbering such above described property with or containing such terms, stipulations, conditions, clauses, covenants, agreements, appointments of trustees, and powers as to my attorney in fact shall seem proper."

. The resignation of the Federal Trust Company as trustee expressly states that it refuses to act as trustee under the deed of trust and wishes to resign; that it does resign as such and refuses to act in such capacity. It is duly attested by its secretary, and by its seal, and duly executed on September 11, 1933, and acknowledged by its president, Judge Chester H. Bryan. The appointment of Judge Bryan as substitute trustee recites that the Federal Trust Company resigned as trustee on *September 9, 1933*, and that J. C. Hutcheson, Jr., Ira P. Hildebrand, and Chester H. Bryan, trustees of the Culberson Trust Fund for the School of Law of the University of Texas, were the present legal holders of the notes, totaling $2,500, in their capacity as trustees, and were authorized by the deed of trust to appoint a substitute trustee upon the failure or refusal of the Trust Company to execute the trusts in said deed of trust contained. Then, in apt terms, they substituted and appointed Chester H. Bryan as substitute trustee in lieu of the Federal Trust Company, resigned. This appointment is dated September 11, 1933, and is signed by each of the three said trustees of Culberson Trust Fund for the School of Law of the University of Texas, Austin, Tex., in such capacity.

■ There is no merit in the assignment of error to the effect that there is no evidence to show that a demand was ever made on the Federal Trust Company to act as trustee under the deed of trust. In addition to the recitals of the resignation and appointment above indicated, the deed of trust expressly provides: "In case of the inability, refusal or failure of the Trustee named to act, a successor and substitute may be named, constituted, and appointed by the holder of said indebtedness, or by the holders of a majority in amount of said indebtedness, without other formality than an appointment and designation, in writing; and this conveyance shall vest in the successor or substitute Trustee the title, powers and duties herein conferred on the Trustee named, and the conveyance of the successor or substitute trustee to the purchaser shall be equally valid and effective; and such right to appoint a successor or Substitute Trustee shall exist as often and whenever, from any of said causes, the Trustee, original or Substitute, cannot or will not act. *It is expressly provided that the recitals in the conveyance made to the purchaser, either by the Trustee or any substitute Trustee, shall be full proof and evidence of the matters therein stated, and no other proof shall be requisite of the request by the holder of said indebtedness on the Trustee to enforce this trust, or of the advertisement of sale, or any particulars thereof, or of the inability, refusal or failure of the trustee or Substitute Trustee to act or of the resignation of the Trustee, or the appointment of a Substitute Trustee as herein provided,* either as to the legality of his appointment or otherwise, or of the contingencies which brought about the failure or inability of the Trustee to act, *and all prerequisites of said sale shall be presumed to have been performed;* and the same made under the powers herein granted shall be a perpetual bar against the grantors, their heirs and assigns. The legal holder of said indebtedness, or any part thereof, shall have the equal right to become the purchasers at such sale, being the highest bidder."

■ We fail to see merit in the assignment that because Judge Hutcheson, Prof. Hildebrand, and Judge Bryan described themselves, in the written appointment of Judge Bryan as substitute trustee under the deed of trust, as trustees for Culberson Trust Fund for the School of Law of the University of Texas, at Austin, Tex., that they cannot be taken to have acted as trustees for the Charles A. Culberson Fund for the School of Law for the University of Texas. We can see no basis for even the wildest surmise that these three gentlemen may have been acting as trustees for two

1062

separate trusts, similarly named, and each of which became interested in the property which is here the subject-matter of this litigation. There can be no reasonable doubt that the three gentlemen were, in each instrument introduced in evidence showing them as acting as joint trustees, acting for one and the same trust. Having been admitted into evidence without objection, it is too late to speculate on a possibility no one can believe in.

 We find no merit in the assignment complaining of the trustee's sale of the property, made in foreclosing the deed of trust, because of Judge Bryan acting at one and the same time as substitute trustee under the deed of trust and as one of the three trustees for the Charles A. Culberson Fund for the School of Law for the University of Texas, at Austin, Tex. In the case of Heiner v. Homeland Realty Company, Tex. Civ.App., 100 S.W.2d 793, 796, the court held: "Appellants contend that the court erred in admitting in evidence the instrument executed by the Guilford Mortgage Company as owner of the indebtedness involved herein appointing said Murphy substitute trustee to execute the power of sale contained in the original deed of trust. They base said contention on the fact that the testimony disclosed that said Murphy was vice president of said mortgage company and its attorney for the collection of the indebtedness secured. It was held at an early day in this state that the owner and holder of indebtedness secured by a deed of trust was competent to act as trustee to execute the power of sale contained therein when duly designated as such in the instrument, and that he might also become the purchaser at the sale conducted by him. Scott v. Mann, 33 Tex. 725, 726, 728. The rule announced in said case has been consistently followed since that time. Goodgame v. Rushing, 35 Tex. 722, 723; Marsh v. Hubbard, 50 Tex. 203, 207; Thornton v. Goodman (Tex.Com.App.), 216 S.W. 147, 148, pars. 3 to 6, inclusive; Randolph v. Allen (C.C.A.) 73 F. 23, 37. Appellants do not contend that Murphy failed in any way to observe strict impartiality in the discharge of the trust confided in him. Appellants' contention is therefore overruled."

It will be borne in mind that there is no pleading that there was any unfairness or fraud connected with Judge Bryan having acted as substitute trustee, and as trustee for the Law School Fund at one and the same time, nor that the property did not bring a fair price. Indeed, the proof shows that it was bid in for $2,500, the amount of the notes. In this state of the record, plaintiff in error cannot raise the question for the first time here on appeal. It would serve no useful purpose, we believe, to set forth plaintiff in error's further assignments. We have considered and overruled them. The record in this case shows that defendants in error have treated plaintiff in error with as much leniency as the nature of the duties of their trust permitted. It is not pretended that plaintiff in error did not receive and enjoy the $2,500 for which her notes and lien on her property were given. So far as the record shows here, the property was foreclosed on more than four years ago and plaintiff in error is still in possession of the property belonging to the Trust Fund, at the expense of such fund. The judgment of the trial court should be affirmed, and it is so ordered.

Affirmed.

PLEASANTS, C. J., absent.