## WALLER PEANUT CO. v. LEE COUNTY PEANUT CO.

### No. 9749.

Court of Civil Appeals of Texas. Austin.

Jan. 26, 1949.

Pitts & Liles and J. Robert Liles, all of Conroe, and Wm. F. Jackson, of Hempstead, for appellants.

E. T. Simmang and John S. Simmang, both of Giddings, for appellees.

RAYMOND GRAY, Justice.

This cause was before this court on an appeal from an interlocutory order overruling defendants' plea of privilege. See 209 S.W.2d 405.

Lee County Peanut Company, a partnership composed of Dorman Sell and H. H. Fricke, doing business at Giddings in Lee County, Texas, sued Waller Peanut Company, a partnership composed of C. C. Flowers and Ellis Brejcha, doing business at Waller in Waller County, Texas.

The record shows on May 6, 1947, C. C. Flowers, acting for the partnership, purchased a truck load of peanuts from plaintiffs. These peanuts were loaded at Giddings, hauled to Waller and there weighed. The weight ticket and a check for $3,-435.87 were mailed to plaintiffs. Payment on this check was stopped and, after negotiations between the parties in an effort to settle the controversy between them, this suit was filed. Plaintiffs seek recovery for the amount of the check, exemplary damages, etc.

In addition to special exceptions and a general denial, defendants answered by a cross-action wherein they alleged that on

April 22, 1947, defendants purchased from plaintiffs a load of peanuts which were represented by plaintiffs to be suitable for seed and that it would not be necessary for defendants to make a germination test thereof; that defendants took said peanuts and sold them to their customers for seed, but thereafter it was determined they were not of the kind and quality as represented by plaintiffs and defendants were forced to make good to their customers the amounts of peanuts sold from the April 22, 1947, purchase. That defendants sought to make some adjustment of this loss with plaintiffs but they refused to make any adjustment thereof; that the purchase price of said peanuts was in excess of $3,435.87, and prayed that in the event plaintiffs should recover in this cause, that defendants be allowed to offset such recovery by the amount paid to plaintiffs for the purchase of April 22, 1947.

When the case was called for trial, the defendants filed a motion for continuance because of the absence of C. C. Flowers due to his illness. The motion alleged the testimony of C. C. Flowers is material, in that he was the party who negotiated with plaintiffs for the purchase of the peanuts mentioned in plaintiffs' petition and was the party who came to Giddings and purchased said peanuts, discussed with plaintiffs the question of adjustment by reason of the peanuts delivered April 22, 1947; that defendants' defense to plaintiffs' cause of action is that on April 22, 1947, they, acting by C. C. Flowers, purchased and paid plaintiffs for a load of seed peanuts which plaintiffs warranted to be seed peanuts but which in truth were not. That C. C. Flowers actually negotiated the purchase of said peanuts and was the party to whom the representations that same were fit for seed were made, and "affiant expects to prove by him that the load of peanuts delivered on April 22, 1947, were not suitable as seed peanuts as they were represented to be, and therefore were wholly worthless to these defendants."

On May 3, 1948 (this being the day the case was called for trial), plaintiffs filed their second supplemental petition, wherein they specially excepted to defendants' cross-action for the reason it is based upon a tort and is in violation of Rule 97, Texas Rules of Civil Procedure. Plaintiffs' first supplemental petition, filed April 30, 1947, contains special exceptions to defendants' cross-action and the sufficiency thereof for various reasons other than those set out in the second supplemental petition.

The court overruled defendants' motion for continuance, and carried the special exception to defendants' cross-action along with the trial.

At the trial Dorman Sell testified that on May 5, 1947, he was not at Giddings, and the sale of that date to C. C. Flowers was handled by Mr. William Conner, who had full authority to "deal for the company." After he learned payment of the check had been stopped, he went to Waller and had a conversation with C. C. Flowers with reference to the load of peanuts sold May 5, 1947:

"Q. Did you have a conversation with him (C. C. Flowers) concerning this load of peanuts and that check that was turned down? A. Yes, sir.

"Q. State to the Court the conversation you had with him regarding this matter? A. I told him that his check—I had received his check and that payment had been stopped, in accordance with his telegram and we had come to collect, and he said that due to the fact that the previous peanuts from the previous load did not come up, that he had stopped payment on the check, in order to force settlement, or had stopped payment on the check and was using that load of peanuts to make the others good to the farmers that he had sold seed to from the other load.

"Q. Did he tell you anything at that time about his intention when he came back after that load of peanuts on May 5th? A. He said that he wasn't able to take the loss for the peanuts that he was having to make good and that he had discussed it with his lawyer and his banker and that they had advised him, or his lawyer had advised him to get another load of peanuts and stop payment on the check to force a settlement of the previous load.

"Q. Now, did you mention anything to him about the necessity of suit or otherwise? A. I asked him what he expected

185

me to do and he said he expected me to sue him in Waller County—that was the reason that he had stopped payment on the check."

The defendants offered no testimony, but when plaintiffs rested, they orally renewed their motion for continuance by stating: "Your Honor, we have no witnesses and, again, we wish to renew our motion for a continuance, especially in view of the testimony as given by Mr. Sell. The motion, as we said before, speaks for itself, and it's apparent from Mr. Sell's testimony that Mr. Flowers is the only person that can contradict statements as given by Mr. Sell, and we renew our motion."

Plaintiffs' counsel suggested willingness that the trial be recessed in order to allow Mr. Flowers to appear as a witness, and offered to waive all formalities for the taking of his deposition. These offers were declined by defendants' counsel for the reason other engagements would prevent or make uncertain any time for a further hearing.

The court again overruled the motion for continuance, sustained plaintiffs' special exception (it is not made to appear which special exception was so sustained, except that the bill of exception and brief treat it as being the one contained in appellees' second supplemental petition), struck from defendants' answer their alleged cross-action, and rendered judgment for plaintiffs for $3,435.87 actual damages, $150 exemplary damages, interest and costs.

Appellants here present three points of alleged error on the part of the trial court. These points will be discussed in the order here presented.

■ Appellants first complain of the action of the trial court in overruling their motion for continuance. It is to be noticed the motion alleges the testimony of C. C. Flowers is material to the allegations contained in the cross-action, and defendants expect to prove by him matters which have to do with the peanuts purchased April 22, 1947; in no other way does it allege such testimony is material to the defendants' defense to issues alleged by plaintiffs in support of their cause of action. In view of the court's ruling the cross-action was not before the court. When the motion was reurged at the conclusion of the testimony, it was suggested Flowers was the only person who could contradict the testimony of Dorman Sells, not that he would or that defendants expected to contradict Sell's testimony by that of Flowers.

Before we would be authorized to hold the trial court abused his discretion in overruling the motion for continuance, we must be in position to say, from the allegations of the motion itself or from the evidence heard upon the trial, that the testimony expected to be heard from the absent party would be material. While the sickness of Flowers as shown by the motion is a sufficient excuse for his non-appearance, it would not authorize a continuance until it is also shown his testimony is material to the defense urged by defendants. Poe v. Hall, Tex.Civ.App., 241 S.W. 708; and that such absence resulted to defendants' prejudice. Erback v. Donald, Tex.Civ.App., 170 S.W.2d 289, Writ Ref. W. M.

The motion as renewed comes within the principles already discussed. We do not think the record before us shows any abuse of discretion on the part of the trial court. Kaiser v. Hutcheson, Tex.Civ.App., 112 S.W.2d 1058, Error Dis.

■ Appellants next complain of the action of the trial court in striking their cross action. Texas Rules of Civil Procedure, especially Rules 40, 41 and 174, vest broad discretion in the trial courts in the matter of consolidation or separation of causes of action. Montgomery v. Willbanks, Tex.Civ.App., 202 S.W.2d 851, Error Ref. N. R. E.; Wilson v. Ammann & Jordan, Tex.Civ.App., 163 S.W.2d 660, Er. Dis. It is not suggested appellees are insolvent or otherwise unable to respond in damages if a judgment should be recovered against them, and the judgment sustaining the exception is not an adjudication of appellants' claim as alleged in their cross-action.

We find nothing in the record to evidence an abuse of discretion on the part of the trial court, and absent such evidence we must assume the trial court was prompted by a valid reason. The court after having heard the testimony concluded the exception should be sustained. We do not think, under the record here, that the sustaining

of the exception would justify a reversal of this cause. Rule 434, T.R.C.P.

By their third point, appellants complain of the action of the trial court in refusing them a continuance based upon surprise, which they say was due to the filing of appellees' second supplemental petition. This pleading was filed May 3, 1948, the day of trial, and consists only of the special exception above discussed. We think no error is presented. Rule 175, T.R.C.P., provides when a case is called for trial and no pre-trial procedure has been had the issues of law arising on the pleadings, and other dilatory pleas, shall be determined. Rule 70 provides the claim of surprise presented by the filing of a supplemental or amended pleading is to be determined by the court. We think no abuse of discretion is shown.

We have considered and discussed all assignments asserting error of the trial court, and being convinced reversible error is not shown, the judgment is affirmed.

Affirmed.