David G. Copeland and Winthrop Seley, Waco, for petitioner.

John McGlasson, Waco, for respondent.

PER CURIAM.

We approve the holding of the Court of Civil Appeals that comity and public policy require that the remedy of contempt be available in the courts of Texas to enforce payments by a father which he has been ordered by the courts of a sister state to make for the support of a minor child, he having thereafter become a resident of Texas. See Acts 52d Leg., R.S.1951, Chap. 377, p. 643, Vernon's Ann.Civ.St. art. 2328b-1 et seq., which became effective June 2, 1951.

However, we have decided to reserve the question as to whether the full faith and credit clause of the Constitution of the United States requires that such remedy be afforded by our courts.

Accordingly, the application is refused, no reversible error.

## GARDNER et ux. v. BRYAN.
### No. 12303.

Court of Civil Appeals of Texas. Galveston.
May 31, 1951.

Rehearing Denied June 21, 1951.

Cole, Patterson, Cole & McDaniel, Houston, Richard R. Cole, Houston, of counsel, for appellants.

Strong, Baker, & Compton, John J. O'S. Heyburn, Houston, for appellee.

MONTEITH, Chief Justice.

This habeas corpus proceeding was brought by appellee, Mrs. Albert L. Bryan, for recovery of the custody of Lynn Azell Bryan, appellee's infant daughter, from appellants, S. V. Gardner and his wife, Mrs. Rose Gardner. In a trial before the Court, judgment was rendered awarding the complete custody and control of the child to appellee but she was declared a ward of the Court. In the judgment rendered the trial court found that appellee was a proper and suitable person to be awarded the care, custody and control of the minor.

Appellee and her husband were the natural parents of the child. They were not legally married at the time the child was born on February 4, 1950, but were living together as husband and wife. The parents were married on December 20, 1950, and now reside in Tacoma, Washington. Before moving to Washington, the child's father, Albert Bryan Jr., made a written assignment of the custody of the minor, Lynn Bryan, in which he stated that he and his wife were separated and living apart and that neither of them was in a position to care for and support the child as she should be supported since they had no home suitable for caring for her and were not financially able to take care of her. The custody of the child was assigned to appellants until such time as he was able to provide a proper and suitable home for the child where she could be given the care and support to which she was entitled.

The controlling question to be determined by the trier of the facts in cases of this

character, in this instance the trial court, is the welfare of the child and the custody which will be most beneficial to her. On a full hearing of the facts in the case, the trial court found in the judgment rendered that the best interest of the child required that its custody and control be awarded to its mother.

Art. 117, Texas Code of Criminal Procedure, provides that the courts of Criminal Appeals, District Courts and County Courts or any Judge of said courts, have power to issue writs of habeas corpus; and that it is their duty upon proper application to grant the writ under the rule prescribed by law.

Art. 124, Texas Code of Criminal Procedure, provides that "Either the party for whose relief the writ is intended, or any person for him, may present a petition to the proper authority for the purpose of obtaining relief."

Art. 125, Texas Code of Criminal Procedure, provides that "The word 'applicant,' as used in this chapter, refers to the person for whose relief the writ is asked, though the petition may be signed and presented by any other person."

Art. 123, Texas Code of Criminal Procedure, provides that the time appointed for hearing shall be the earliest day which the judge can devote to hearing the cause of the applicant.

Under their first point of assigned error appellants contend that the trial court erred in overruling their first application for a continuance, which was filed on the day of the trial. The application for the continuance recites that a witness whose testimony was sought knew, to some extent, the conditions surrounding appellants' custody of the child.

■ Rule 252, Texas Rules of Civil Procedure, provides that if the grounds for the application for a continuance be the want of testimony the party applying therefor shall make an affidavit showing that such testimony is material and showing the materiality thereof. The application for continuance in this case does not comply with said Rule 252 in that it recites that the witness

sought, a member of the police department, had visited the home of appellee during the time she had custody of the child and to some extent knew the conditions relative to the child's care and custody. Under the above facts we do not think that the Court abused his discretion in refusing the continuance sought. Jinks v. Jinks, Tex.Civ. App., 205 S.W.2d 816, no writ sought.

■ Under their second point of assigned error appellants contend that appellee's husband, Albert Bryan Jr., who was not made a party to the suit, was a necessary and indispensable party and that, not being joined as a party and his non-joinder not being accounted for by pleadings and proof, the trial court was without jurisdiction to render judgment.

Under Art. 124, Texas Code of Criminal Procedure, either the party for whose relief the writ is intended or any person for him may present a petition to the proper authority for the purpose of obtaining relief, and Art. 125, Texas Code of Criminal Procedure, provides the term "applicant" as used in that chapter refers to the person for whose relief the writ is asked, though the petition may be signed and presented by any other person.

In 23 Texas Jurisprudence, page 710, it is said that minors are wards of the court and are entitled to its protection and that whenever the necessity arises for determining which of two contending parties is entitled to the custody of an infant, the District Court may, on a proper application, require the child to be brought before it on a writ of habeas corpus and that it may determine not only whether the infant is unlawfully detained, but it may also determine which of the parties shall have its custody and control. Continuing, the text states that "The District Court also holds a constitutional supervisory control over all infants, and has full power to issue orders necessary and proper for their welfare."

Under the express wording of said Articles 124 and 125, Texas Code of Criminal Procedure, appellee was, we think, authorized under the facts in this case to sign the petition and to bring this action for the

benefit of the minor, Lynn Azell Bryan. She testified that she brought the action for the benefit of the minor with the knowledge, consent and acquiescence of her husband, the child's father. Appellee further tendered a trial amendment asking leave of the Court to make Albert Bryan Jr. a party to cure any error of form that may have arisen. While appellants contended that Albert Bryan Jr. was a necessary party to the suit they objected to the filing of a trial amendment making him a party to the suit.

Under their third point of assigned error appellants contend that in declaring the minor a ward of the Court, the trial court thereby impliedly and necessarily found the minor to be a dependent and neglected child under the provisions of Art. 2337, Vernon's Annotated Civil Statutes, and that it erred in awarding appellee complete custody of the minor. This contention cannot, we think, be sustained.

■ The trial court's action in finding that appellee was a proper person to award the care, custody and control of the minor was, we think, equivalent to a finding that she was a suitable person to have custody of the child.

In the recent case of Canning v. Canning, Tex.Civ.App., 237 S.W.2d 1019, in which appellant's appeal was predicated upon the one point that the court erred in failing to award custody of children to appellant, it is held that the fact that the custody of children was awarded to the mother for part time and to the father for a part of the time establishes a finding that each parent was a suitable person to have custody of the children, citing cases of Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241, and Martin v. Martin, Tex.Civ.App., 132 S.W. 2d 426.

■ In the Canning case it was held that a trial court has wide discretion in determining the custody of children and that its judgment will not be disturbed unless a clear abuse of discretion is shown, since the paramount issue in all child custody cases is the best interest of the child.

■ Under their fourth and fifth points of assigned error appellants contend that the Court erred in awarding custody of the minor without a finding that such award would be to the best interest of the minor. In the cases above cited, particularly the Canning case, supra, it was held that where a trial court has awarded custody of children, such decision establishes a finding that each parent was at that time a suitable person to have custody of the children.

Under their sixth and seventh points of assigned error appellants contend that the judgment of the trial court was not supported by evidence and that the Court erred in admitting in evidence certain exhibits on the ground that they constituted hearsay.

■ The exhibits complained of were introduced in evidence following an express waiver of objection to their introduction by counsel for appellants. Mrs. Fannie Bryan, the mother of Albert Bryan Jr., the child's father, who was being interrogated by counsel for appellee in reference to letters she had received from her son and daughter-in-law, testified that she had received letters and was told by counsel for appellants that if the letters were produced he would not object to them. They were admitted by the Court for the purpose of showing lack of intent to abandon the custody of the minor as a part of the res gestae. Under these facts, we think that no reversible error was committed in admitting the letters in evidence.

It follows from the above conclusions that the judgment of the trial court must be in all things affirmed.