BERRY v. BERRY.

No. 3011.

Court of Civil Appeals of Texas.
Eastland.

May 1, 1953.

Rehearing Denied May 22, 1953.

Earl R. Parker, Dallas, for appellant.

G. C. Harris, Greenville, James O. Faires, Commerce, for appellee.

COLLINGS, Justice.

This is a suit by John W. Berry, Jr. against his wife, Odell Reynolds Berry, for divorce on the grounds of three years abandonment and cruel treatment. Odell Reynolds Berry answered by general denial and by cross action for divorce. The cross action was thereafter abandoned. On two occasions the case was set for trial and motions for continuance by Odell Reynolds Berry on the ground of sickness were granted. At another setting, her third motion for continuance on the same ground was overruled. The case was tried before the court without a jury and a divorce granted to John W. Berry, Jr. Odell Reynolds Berry has brought this appeal.

It is contended in appellant's first point that the court erred in overruling her motion for continuance at the time of the trial on August 30, 1952. It was alleged in such motion that appellant was seriously ill and physically unable to attend court and doctors' certificates supporting this contention were attached to the motion. The record indicates that this was appellant's third motion and that she had been granted continuances on two former occasions when the case was set and called for trial. The first continuance was granted on April 19, 1952 and the second on July 18, 1952. The third motion did not state that appellant would testify in the cause or what her testimony would be if she were present as a witness, and did not comply with Rule 252, Texas Rules of Civil Procedure, requiring an applicant for continuance to make affidavit showing that testimony relied upon for continuance would be material to the case. Under such circumstances, the court did not abuse its discretion in overruling appellant's third motion. Kaiser v. Hutcheson, Tex.Civ.App., 112 S.W.2d 1058 (Err. Dis.); Rody v. Whitaker, Tex.Civ.App., 37 S.W.2d 288; Ferguson v. Ferguson, Tex. Civ.App., 11 S.W.2d 214; Marsh v. Williams, Tex.Civ.App., 154 S.W.2d 201; Mitchell v. Mitchell, Tex.Civ.App., 233 S.W.2d 187; Gardner v. Bryan, Tex.Civ. App., 241 S.W.2d 297 (Err.Ref.); Texas Indemnity Ins. Co. v. Harlan, Tex.Civ.App., 236 S.W.2d 564 (Err.Dis.); Merriman v.

Lary, Tex.Civ.App., 205 S.W.2d 100 (Err. Ref.); Waller Peanut Co. v. Lee County Peanut Co., Tex.Civ.App., 217 S.W.2d 183; 9 Tex.Jur., page 756, et seq.

■ It is urged in appellant's third and fifth points that the court erred in granting the divorce because such action is not supported by full and satisfactory evidence. In our opinion the judgment is amply supported by evidence showing abandonment for a period of more than three years. In the latter part of August or first part of September, 1948, appellant and appellee were living together in Commerce, Texas, in a house that belonged to appellant and her sister, Eula Faye Reynolds. Appellant's sister was living with them at the time and had been intermittently prior thereto. The evidence indicates that there had been some trouble, or at least dissatisfaction about the matter. Appellant's sister was a school teacher. Berry testified that she lived in the home with them during the summer months and visited them practically every week-end during the school year while she was teaching in Dallas; that appellant's sister took charge of the house work and cooking when she was in their home and always insisted that appellee's wife was sick and unable to work and continually urged her to believe that she was in poor health and tried to keep her in bed; that appellant was subservient to her sister and would comply with her desires or suggestions in detail while, in truth and fact, appellant was not sick or in bad physical condition; that such action by her sister kept appellee's wife torn up mentally and also greatly disturbed appellee. Appellee Berry testified that during the latter part of August or first of September, 1948, he was teaching at East Texas State Teachers' College at Commerce, Texas; that he was in the kitchen preparing his breakfast one morning before going to a 7:30 class and that his wife and her sister were both in bed; that the sister got up and came to the kitchen and told him that he was making too much noise and was disturbing his wife who needed rest and insisted that he go out for his breakfast; that she raised so much confusion that appellant also got up and came into the kitchen and took her sister's part; that both of them cursed and abused appellee and requested him to leave; that the house belonged to appellant and her sister and he did leave as requested and later during the same day, moved his clothes. Appellee Berry testified that after moving out of the house he secured an apartment and requested his wife to come and live with him but she refused to do so and has never lived with him since that time. The separation was on about September 1, 1948 and was more than three years before the filing of appellee's petition on May 8, 1952, and the granting of the divorce on September 26, 1952. The evidence, in our opinion, is sufficient to show abandonment for a period of more than three years. Appellant requested her husband to leave her house and refused to accompany him to his apartment or to again live with him during a period of about four years before the divorce was granted.

■ We cannot agree with the contention that the evidence is conclusive that the parties have lived together as husband and wife since the separation and that such living together interrupted and destroyed the three year period of abandonment. The evidence does show that during the period at a time while appellee Berry was living in Grand Saline, Texas, his wife passed through town and stopped at his apartment where she was waiting for him at about ten o'clock P. M. when he came in from his work; that she stated she was on her way to Dallas and requested permission to spend the night; that she did spend the night in his apartment and proceeded on to Dallas the next morning at six o'clock. The evidence supports the conclusion that there was no other contact between the parties except short visits of thirty minutes or more during the entire period from the time of their separation until the trial of the case. These facts did not of themselves restore the marital relationship and did not interrupt the three year period of abandonment. Womble v. Womble, Tex.Civ.App., 152 S.W. 473; Dickerson v. Dickerson, Tex.Civ.App., 207 S.W. 941.

The disposition of the above points requires the affirmance of the judgment, so other matters need not be discussed.

The judgment of the trial court is affirmed.