Lloyd WATERS and wife, Iva O. Waters, Appellants,

v.

Abner R. BROOKS and wife, Helen Brooks, Appellees.

No. 5344.

Court of Civil Appeals of Texas.

El Paso.

July 1, 1959.

Joseph J. Rey, El Paso, for appellants.

Long & Alfman, El Paso, for appellees.

ABBOTT, Justice.

This is an appeal from a summary judgment in which appellees (plaintiffs below) sued appellants (defendants below) for non-payment of installments on a note due to appellees and secured by a deed of trust and vendor's lien on the property in question, one count being in the nature of trespass to try title, and the second count for the foreclosure of their vendor's lien and deed of trust lien.

The record shows that on or about July 15, 1957, appellees sold to appellants a motel and the premises upon which it was.

located, for a total consideration of $62,-500, said premises being described as a portion of Tract 7–A and Tract 8–A, in Block 26, of the Ysleta Grant, El Paso County, Texas, and more fully described in the warranty deed. Appellees were secured by a second lien in the amount of $39,500, payable in monthly installments of $300 each, plus interest, beginning on September 1, 1957. The deed of trust also provided for acceleration of the note for unpaid installments on the note, or any other note, secured by a lien on this property. Provisions for a trustee and trustee's sale were also contained. Among other requirements, appellants were to provide insurance on the purchased property.

On December 18, 1957, there was a fire at the motel which damaged the property to the extent of about $3,800. The record shows that appellants had paid the holder of the first lien the interest and part of the principal up until the time of the trial, but were behind for the months of February, March, and April, 1958, both principal and interest, to appellees, holders of the second lien. The record reveals that appellees had a fire insurance policy on the property, but were under the impression that same had expired May 27, 1957, prior to the fire. In January, 1958, after the fire, appellees found that the fire policy was still in force, and, through their attorney, appellants were notified. The matter of collecting on the policy was turned over to appellants' attorney. Appellees' attorney testified that he told appellants, and/or their attorney, "that if there was anything left over, after paying for the re-building of the property from the insurance, it would be credited on their note; but I insisted that the payments be made and that it would be credited on the back of the note when we collected the insurance."

The record also shows that on January 3, 1958, appellants were informed by mail that the January payment was delinquent; on January 13, 1958, that unless the note was paid on or before January 20, 1958, there would be a foreclosure; and on March 8, 1958, a notice of Trustee's Sale of the property involved would be had on the first Tuesday of April, 1958. The appellants were informed in the last letter that the sale could be stopped by payment of principal, interest and attorney's fees, at any time prior to the sale.

Appellants, in their pleadings, contend that appellees agreed to transfer a policy of insurance on the property at the time of the sale; and, after the fire, appellees attempted to process the claim against the insurance carrier; that appellants were damaged because of the failure of appellees to repair the fire damage, and that appellees inhibited defendants' payments on said note by their conduct. Appellants also brought a cross-action alleging that the failure to transfer the insurance policy caused appellants to hold up on any further installments until such policy was transferred, or the fire damage repaired. There were other allegations, but, since they are not supported by the evidence, they will not be discussed here.

After motion for summary judgment by appellees, the court granted said summary judgment, giving appellants credit for $3,-300 from the proceeds of the fire insurance upon motion by appellees; giving appellants credit for $25,000 from the proceeds of the trustee's sale; giving appellees a judgment against appellants for $10,000 with interest, as the balance of the second lien; and providing that appellees have title and possession to the property in question.

From this judgment appellants bring three points of error:

"Point Number One

"That the court erred in finding that the sale by the substitute trustee, John Langford, was a valid sale and that his deed conveyed valid title to such property to the purchasers at said sale, to-wit: Abner R. Brooks and Helen Brooks.

"Point Number Two

"That the Court erred in granting the motion for summary judgment because said motion is insufficient in law; because the record reflects that more than one substantial fact issue exists, and that same is not supported by the evidence.

"Point Number Three

"That the judgment herein is not supported by the pleadings of the Appellee nor by the evidence adduced at the hearings."

 Appellants' first point of error must be overruled. Appellant has failed sufficiently to plead or prove that the substitute trustee's sale was not valid, and this question may not be raised for the first time on appeal. Kaiser v. Hutcheson, Tex.Civ.App., 112 S.W.2d 1058. There is mention of an injunction against the original trustee, but the same court that granted the injunction granted the summary judgment in question, and we can assume that the trial court took judicial knowledge of its own acts.

 Where a summary judgment is sought, the sole function of the court is to determine whether there is a fact issue to be tried. De la Garza v. Ryals, Tex.Civ. App., 239 S.W.2d 854 (n. r. e.). Appellants contend that they had some paid-up installments coming to them from the insurance, which appellees denied, thus creating a fact issue under Rule 166-A, Vernon's Annotated Texas Rules of Civil Procedure. This contention cannot be supported by the record. Appellees' attorney testified as mentioned previously. One of the appellees testified, in substance, that the matter was turned over to appellees' attorney. The requirements of the deed of trust were that appellants furnish insurance, which they had not done. Appellees had a full right to require that any insurance available be used to repair the fire damage. Schultz v. Morton, Tex.Civ.App., 101 S.W.2d 373;

Naquin v. Texas Savings & Real Estate Inv. Ass'n, 95 Tex. 313, 67 S.W. 85, 58 L. R.A. 711. As the judgment of the trial court reflects, appellees requested that appellants be given full credit for the insurance payment, in spite of the fact that appellees had paid for the policy and it was in their names alone. Appellants further complain that many fact issues are raised by their cross-action. The record itself does not reflect any evidence of a substantial nature to support this contention. Appellants' Point of Error Number Two is overruled.

 Appellants contend, in Point of Error Number Three, that the competency of appellee Abner R. Brooks was in question at the time he signed the warranty deed. This is not a question to be decided here. Appellees ratified the deed and proceeded in their foreclosure. Appellants again bring a question about the insurance policy. Believing that we have previously answered this complaint, and finding no reversible error, we affirm the judgment of the trial court.