

## MEMORANDUM OPINION

No. 04-08-00189-CV

George **PRAPPAS**, Froseni Properties, Inc. and GMB Consulting, Inc.,
Appellants/Cross-Appellees

v.

Said **ENTEZAMI**,
Appellee/Cross-Appellant

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-16917
Honorable Gloria Saldaña, Judge Presiding[1]

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:  February 11, 2009

AFFIRMED

George Prappas, Froseni Properties, Inc. and GMB Consulting, Inc. appeal the trial court's

judgment ordering the conveyance of certain real property that a jury found Prappas agreed to convey

pursuant to a foreclosure sale. In their first issue, appellants contend the evidence is insufficient to

establish a valid foreclosure sale. In their second issue, appellants challenge the trial court's

---

[1] The Honorable Martha Tanner presided over the hearing on appellee's motion for sanctions and signed the order granting the sanctions. The Honorable Gloria Saldaña presided over the trial and signed the judgment.

sanctions order. In his cross-appeal, appellee Said Entezami asserts the jury's refusal to award him damages is against the great weight and preponderance of the evidence. We affirm the trial court's judgment.

## BACKGROUND

GMB granted a lien against certain real property to secure a debt to MetroBank, N.A. MetroBank subsequently transferred the lien to Froseni Properties. On September 13, 2005, Prappas, as substitute trustee, posted the property for foreclosure. Entezami was the highest bidder at the foreclosure sale. Although Entezami testified that Prappas stated that he would wait at the courthouse while Entezami obtained a cashier's check, Prappas left the courthouse before Entezami could return with the check. In a subsequent telephone conversation, Entezami testified that Prappas initially told him that he could overnight the cashier's check to Prappas's office in Houston; however, Prappas subsequently rejected the check as untimely tendered.

Entezami sued Prappas, Froseni Properties, and GMB asserting numerous causes of action. In October of 2006, Entezami filed a motion to compel Prappas to respond to discovery by producing the foreclosure file that Prappas testified existed during his deposition. Entezami dropped the hearing on the motion to compel after discussions with Prappas's attorney. In November of 2006, Entezami filed an amended motion to compel Prappas to respond to discovery by producing the foreclosure file. In February of 2007, the trial court entered an order dropping the setting on Prappas's motion for summary judgment and prohibiting the motion from being reset until Prappas produced the foreclosure file.

At a hearing conducted after the parties announced ready but before any further trial proceedings, the trial court considered Entezami's motion for sanctions based on Prappas's failure

to produce the foreclosure file. Entezami argued that Prappas was then seeking to defend against Entezami's claims by asserting that he was not properly appointed as substitute trustee; however, Prappas failed to produce the foreclosure file that would have contained evidence of such appointment. Moreover, Prappas had filed a counterclaim admitting that he conducted the foreclosure sale as substitute trustee. At the conclusion of the hearing, the trial court granted the sanctions, prohibiting the appellants from introducing any evidence that Prappas was not properly appointed as substitute trustee. The order also permitted the jury to be provided a spoliation instruction with regard to the foreclosure file.

At trial, Prappas and Froseni Properties sought to establish that Entezami's tender of the cashier's check was untimely. Although GMB had filed an answer, it did not appear at trial. Because Entezami non-suited several claims prior to trial, the only claim submitted to the jury was his breach of contract claim. The jury found that Prappas, as trustee, agreed to convey the property to Entezami but failed to comply with the agreement. The jury did not, however, find that Entezami suffered any damages as a result of such failure to comply. The trial court signed a judgment granting specific performance and ordering the property to be conveyed to Entezami.

## VALIDITY OF FORECLOSURE

In their first issue, Prappas, Froseni Properties, and GMB contend the evidence is insufficient to establish that the foreclosure sale was valid because Entezami failed to prove that GMB received notice of the foreclosure sale by certified mail. At trial, however, Prappas and Froseni Properties were the parties attacking the validity of the foreclosure. Accordingly, they had the burden to plead and prove its invalidity. *See Stevens v. Bowie Nat'l Bank of Bowie*, 475 S.W.2d 314, 319 (Tex. Civ. App.—Fort Worth 1971, writ ref'd n.r.e.); *Kolbo v. Blair*, 379 S.W.2d 125, 129 (Tex. Civ.

App.—Corpus Christi 1964, writ ref'd n.r.e.); *Waters v. Brooks*, 325 S.W.2d 853, 856 (Tex. Civ. App.—El Paso 1959, no writ); *Price v. Reeves*, 91 S.W.2d 862, 865 (Tex. Civ. App.—Fort Worth 1936, writ dism'd). The record does not contain any pleadings asserting that the absence of notice to GMB made the foreclosure invalid. In addition, no evidence was introduced at trial to prove that GMB did not receive proper notice. Finally, GMB did not even appear at trial and cannot raise this issue for the first time on appeal. *Waters*, 325 S.W.2d at 856. The appellants' first issue is overruled.

### SANCTIONS

In their second, third and fourth issues, the appellants contend the trial court erred in granting death penalty sanctions against them. A trial court's ruling on a motion for sanctions is reviewed under an abuse of discretion standard. *Cire v. Cummings*, 134 S.W.3d 835, 838 (Tex. 2004). (Tex. 2004). The test for an abuse of discretion is whether the trial court acted without reference to any guiding rules and principles. *Id*. at 838-39. Rule 215.2 of the Texas Rules of Civil Procedure allows a trial court to sanction a party for failure to comply with a discovery request by refusing to allow the disobedient party to support designated defenses or by prohibiting designated evidence from being introduced into evidence. TEX. R. CIV. P. 215.2. A trial court may not, however, impose a sanction that is more severe than necessary to satisfy its legitimate purpose. *Cire*, 134 S.W.3d at 838. Any sanctions imposed by a trial court must be "just" by: (1) bearing a direct relationship between the offensive conduct and the sanction; i.e., the sanction must be directed against the abuse; and (2) not being excessive, i.e., the trial court must consider the availability of less stringent sanctions. *Id*.

The appellants initially assert that the trial court abused its discretion in imposing sanctions against Froseni Properties and GMB because they were innocent parties. This assertion ignores that until Entezami had Prappas disqualified, he also served as the attorney for Froseni Properties. In addition, the assertion ignores that the trial court was directing the sanctions at the abuse, i.e., the failure to produce the foreclosure file. In conducting the foreclosure, Prappas acted as a special agent for both GMB and Froseni Properties. *Peterson v. Black*, 980 S.W.2d 818, 822 (Tex. App.—San Antonio 1998, no pet.); *Bonilla v. Roberson*, 918 S.W.2d 17, 21 (Tex. App.—Corpus Christi 1996, no writ). Accordingly, the sanctions imposed by the trial court did bear a direct relationship to the offensive conduct. In addition, the record reveals that the trial court had considered a lesser sanction in prohibiting Prappas's summary judgment motion to be heard or re-set until the foreclosure file was produced. Because Prappas testified at his deposition that the foreclosure file existed but failed to produce the file, the trial court did not abuse its discretion in prohibiting any evidence to be introduced that would support a defense that Prappas was not properly appointed as substitute trustee.

The appellants finally contend that the trial court abused its discretion because Entezami's delay in seeking sanctions precluded the relief. In this case, however, Entezami did obtain a pre-trial ruling on the discovery misconduct in obtaining the order dropping Prappas's summary judgment setting and refusing to re-set the motion until the foreclosure file was produced. *Meyer v. Cathey*, 167 S.W.3d 327, 333 (Tex. 2005) (noting general rule that failure to obtain a pretrial ruling on a discovery dispute waives a claim for discovery abuse sanctions). In addition, Entezami sought further pre-trial relief in his motion for sanctions in opposition to the appellants' efforts to raise

defensive allegations relating to the invalidity of the foreclosure sale. Accordingly, the trial court did not abuse its discretion in determining that Entezami had not waived his right to seek sanctions.

### CONTRACTUAL DAMAGES

In his cross-appeal, Entezami asserts that the jury's refusal to award him damages was against the great weight and preponderance of the evidence. During trial, Entezami testified in global terms about the repairs he would have made to the property and his ability to sell the property at a profit. Apart from his general testimony based on his estimates and belief, Entezami offered no other evidence to support an award of damages. On cross-examination, Entezami was questioned about his estimation that he would be able to make a 25 to 30 percent return on his investment in less than a year.

"There can be no recovery for damages which are speculative or conjectural." *Lefton v. Griffith*, 136 S.W.3d 271, 277 (Tex. App.—San Antonio 2004, no pet.). Whether evidence is speculative or reasonably certain is a factual issue within the exclusive province of the jury to determine. *Carter v. Steverson & Co.*, 106 S.W.3d 161, 166 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *VingCard A.S. v. Merrimac Hospitality Sys., Inc.*, 59 S.W.3d 847, 864 (Tex. App.—Fort Worth 2001, pet. denied). The trier of fact may resolve conflicts and inconsistencies in the testimony of any one witness as well as the testimony of different witnesses. *Id*. Because the jury could have found that Entezami's testimony was not sufficiently specific to support an award of damages, Entezami's issue on cross-appeal is overruled.

## CONCLUSION

The trial court's judgment is affirmed.


Phylis J. Speedlin, Justice